00/00/2012  13:17:27 FAX 2132522003        ASAP LEGAL SOLUTION ATTY        1

# COPY

2012 AUG 13  PM 1:04
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

FILED

1  LINDBERGH PORTER, JR., Bar No. 100091
   MARY D. WALSH, Bar No. 197039
2  LITTLER MENDELSON
   A Professional Corporation
3  650 California Street
   20th Floor
4  San Francisco, CA  94108
   Telephone:  415.433.1940
5  Facsimile:   415.399.8490
   E-mail: lporter@littler.com
6  E-mail: mdwalsh@littler.com

7  Attorneys for Defendant
   WELLS FARGO BANK, N.A.

8

9            UNITED STATES DISTRICT COURT

10          CENTRAL DISTRICT OF CALIFORNIA

11  ISAAC CURRY, individually.        Case No. CV12-6962 - ODW
                                              (PJWx)
12              Plaintiff,
                                      NOTICE TO FEDERAL COURT OF
13  v.                                REMOVAL OF CIVIL ACTION
                                      FROM STATE COURT PURSUANT
14  WELLS FARGO BANK, N.A.; and       TO 28 U.S.C. §§ 1331, 1441, AND
    DOES 1 through 50 inclusive,      1446
15
16              Defendants.
17
18
19
20
21
22
23
24

1    **TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO**
2    **PLAINTIFF ISAAC CURRY AND HIS ATTORNEYS OF RECORD:**

3         **PLEASE TAKE NOTICE** that Defendant WELLS FARGO BANK,
4    N.A. ("Defendant") hereby removes this action from the Superior Court of California,
5    County of Los Angeles, to the United States District Court for the Central District of
6    California. This removal is based on federal question jurisdiction, pursuant to 28
7    U.S.C. Sections 1331, 1441, and 1446. The specific grounds for removal are as
8    follows:

9    **JURISDICTION**

10        1. This Court has original jurisdiction over this action pursuant to 28
11   U.S.C. §1331, and this action is one that may be removed to this Court pursuant to the
12   provisions of 28 U.S.C. §1441(a), in that it is a civil action that presents a federal
13   question under the Fair Labor Standards Act, 29 U.S.C. §201. As set forth below, this
14   case meets all of Section 1331's requirements for removal and is timely and properly
15   removed by the filing of this Notice.

16   **VENUE**

17        2. This action was filed in the Superior Court of California, County of
18   Los Angeles. Venue is proper in the United States District Court for the Central
19   District of California pursuant to 28 U.S.C. sections 84 (c)(2), 1391 and 1446.

20   **PLEADINGS, PROCESS AND ORDERS**

21        3. On or about December 22, 2011, Plaintiff Isaac Curry ("Curry" or
22   "Plaintiff") filed a Complaint in the Superior Court of California, County of Los
23   Angeles, entitled *Isaac Curry v. WELLS FARGO BANK, N.A.; and DOES 1 through*
24   *50, inclusive*; Case No. YC066168 ("Complaint"). Plaintiff alleged three causes of
25   action for: (1) unfair competition in violation of California Business and Professions
26   Code section 17200, *et. seq.*; (2) failure to pay overtime in violation of California
27   Labor Code sections 510, 551, 552, 1194, and 1198; and (3) failure to provide proper
28   wage statements in violation of California Labor Code section 226. Attached hereto

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

NOTICE TO FED. COURT OF REMOVAL
OF CIVIL ACTION TO STATE COURT    1.    Case No.

1 as Exhibit A is a true and correct copy of the Summons and the Complaint.

2    4. On February 24, 2012, Wells Fargo Bank, N.A. ("Wells Fargo" or
3 "Defendant") filed an Answer to Plaintiff's Complaint in the Superior Court of
4 California for the County of Los Angeles.  Attached hereto as Exhibit B is a true and
5 correct copy of Defendant Wells Fargo Bank's Answer to Plaintiff's Complaint.

6    5. Wells Fargo is informed and believes that no Doe defendant has
7 been identified or served.

8    6. On or about May 2, 2012, the Superior Court of California for the
9 County of Los Angeles served a Notice of Case Reassignment and of Order for
10 Plaintiff to Give Notice, reassigning the case to Judge Laura C. Ellison.  Attached
11 hereto as Exhibit C is a true and correct copy of the Notice.

12    7. On or about May 15, 2012, Wells Fargo filed a Case Management
13 Statement, a true and correct copy of which is attached hereto as Exhibit D.  On or
14 about May 17, 2012, Plaintiff filed a Case Management Statement, a true and correct
15 copy of which is attached hereto as Exhibit E.

16    8. On May 31, 2012, Judge Ellison conducted a case management
17 conference at which time she set a trial date of February 26, 2013.  Judge Ellison did
18 not issue a written order.

19    9. On or about June 28, 2012, Wells Fargo filed a Stipulated
20 Protective Order, which was signed by Judge Ellison on July 16, 2012.  A true and
21 correct copy of the signed Stipulated Protective Order is attached hereto as Exhibit F.

22    10. On or about June 27, 2012, Plaintiff filed a Stipulation and
23 [Proposed] Order for Leave for Plaintiff to File a First Amended Complaint, which
24 was signed by Judge Ellison on July 16, 2012.  A true and correct copy of the
25 Stipulation and Order is attached hereto as Exhibit G.

26    11. On or about July 20, 2012, Plaintiff served Wells Fargo by mail
27 with Plaintiff's First Amended Complaint.  Plaintiff's First Amended Complaint
28 added three new causes of action to the three causes of action pled in Plaintiff's

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

NOTICE TO FED. COURT OF REMOVAL
OF CIVIL ACTION TO STATE COURT    2.    Case No.

1  original Complaint: (4) retaliation in violation of the Fair Employment and Housing

2  Act, California Government Code §12940; (5) wrongful termination; and (6) violation

3  of the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.*   Plaintiff filed this First

4  Amended Complaint on or about July 20, 2012.  Attached hereto as Exhibit H is a true

5  and correct copy of Plaintiff's First Amended Complaint.

6        12.   On or about August 10, 2012, Wells Fargo filed an Answer to

7  Plaintiff's First Amended Complaint in the Superior Court of California, County of

8  Los Angeles.  Attached hereto as Exhibit I is a true and correct copy of Defendant

9  Wells Fargo Bank's Answer to Plaintiff's First Amended Complaint.

10        13.   Pursuant to 28 U.S.C. section 1446(a), the attached exhibits

11  constitute all process, pleadings and orders served upon Defendants or filed or

12  received in this action by Defendants.

13  **TIMELINESS OF REMOVAL**

14        14.   This Notice of Removal is timely in that it has been filed by

15  Defendant within thirty 30 days after receipt by the Defendant of a paper from which

16  it may first be ascertained that the case is one which is or has become removable. *See*

17  28 U.S.C. §1446(b).

18  **FEDERAL QUESTION JURISDICTION**

19        15.   Section 1331 provides as follows:

20  The district courts shall have original jurisdiction of all civil
21  actions arising under the Constitution, laws, or treaties of the
  United States.

22        16.   This action is a civil action over which this Court has original

23  jurisdiction based upon the existence of a federal question pursuant to Section 1331,

24  and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C.

25  section 1441(b) because it is a civil action that presents a federal question as set forth

26  below.

27        17.   Plaintiff's First Amended Complaint alleges a cause of action for

28  failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §201,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

NOTICE TO FED. COURT OF REMOVAL
OF CIVIL ACTION TO STATE COURT     3.     Case No.

1    *et. seq.*  (Exhibit G, First Amended Complaint at ¶¶77-95).  As such, this Court has

2    original jurisdiction under Section 1331 as "arising under the Constitution, laws, or

3    treaties of the United States."

4         18.    This case may be removed to this Court by Defendant pursuant to

5    28 U.S.C. § 1331 and 28 U.S.C. § 1441(b) because it is a civil action that arises under

6    the laws of the United States.

7         19.    The remaining claims and causes of action, related to Plaintiff's

8    employment with Defendant, are based on the same facts, events, transactions and

9    occurrences as Plaintiff's Fair Labor Standards Act claim and are so related to

10   Plaintiff's Fair Labor Standards Act claim as to form part of the same case and

11   controversy.  Therefore, the Court has supplemental jurisdiction over these claims

12   pursuant to 28 U.S.C. § 1367(a).  Alternatively, the Court has jurisdiction of the

13   remaining claims pursuant to 28 U.S.C. § 1441(c).

14                          **NOTICE TO PLAINTIFF**

15        39.    Contemporaneously with the filing of this Notice of Removal in

16   the United States District Court for the Central District of California, written notice of

17   such filing will be given by the undersigned to Plaintiff's counsel of record

18   Blumenthal, Nordrehaug & Bhowmik, 2255 Calle Clara, La Jolla, California 92037.

19   In addition, a copy of Notice of Removal will be filed with the Clerk of the Court for

20   the Superior Court of California, County of Los Angeles.

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949 705 3000

NOTICE TO FED. COURT OF REMOVAL
OF CIVIL ACTION TO STATE COURT            4.        Case No.

1    WHEREFORE, having provided notice as is required by law, the above-

2  entitled action should be removed from the Superior Court for the County of San Los

3  Angeles to this Court.

4

5  Dated:    August 13, 2012

6

7  LINDBERGH PORTER, JR.

8  MARY D. WALSH
   LITTLER MENDELSON
   A Professional Corporation

9  Attorneys for Defendant
   WELLS FARGO BANK, N.A.

10  Firmwide:113379689.1 051995.1048

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949 705 3900

NOTICE TO FED. COURT OF REMOVAL
OF CIVIL ACTION TO STATE COURT        5.        Case No.

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WELLS FARGO BANK, N.A.; and DOES 1 through 50 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ISSAC CURRY, individually,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 2 2 2011

John A. Clarke, Executive Officer/Clerk

By A. Allen, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>Southwest District, Torrance Courthouse<br>825 Maple Ave., Torrance, CA 90503 | CASE NUMBER:<br>*(Número del Caso):*<br>**YC066168** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman B. Bumenthal   (Bar # 68687)                     Fax No.: (858) 551-1232
Blumenthal, Nordrehaug & Bhowmik, 2255 Calle Clara, La Jolla, CA 92037     Phone No.: (858) 551-1223

DATE: DEC 2 2 2011                Clerk, by         A. ALLEN        , Deputy
*(Fecha)*         JOHN A. CLARKE        *(Secretario)*                *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Wells Fargo Bank, N.A.

under: ☐ CCP 416.10 (corporation)                  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)           ☐ CCP 416.70 (conservatee)
☒ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 1/12/12

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

1  **BLUMENTHAL, NORDREHAUG & BHOWMIK**
2     Norman B. Blumenthal (State Bar #068687)
      Kyle R. Nordrehaug (State Bar #205975)
3     Aparajit Bhowmik (State Bar #248066)
   2255 Calle Clara
4  La Jolla, CA 92037
   Telephone: (858)551-1223
5  Facsimile: (858) 551-1232
   Firmsite: www.bamlawca.com

6  Attorneys for Plaintiff

7

8

9

10           **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

11              **IN AND FOR THE COUNTY OF LOS ANGELES**

12

13

14

15  ISAAC CURRY, individually,              CASE No.   **YC066168**

16              Plaintiff,                   **COMPLAINT FOR:**

17  vs.                                      1. UNFAIR COMPETITION IN
                                             VIOLATION OF CAL. BUS. & PROF.
18  WELLS FARGO BANK, N.A.; and              CODE § 17200 *et seq.*;
    DOES 1 through 50 inclusive,
19                                           2. FAILURE TO PAY OVERTIME
                                             COMPENSATION IN VIOLATION OF
20                                           CAL. LAB. CODE §§ 510, 551, 552, 1194
                                             AND 1198, *et seq.*; and,
21              Defendants.
                                             3. FAILURE TO PROVIDE ACCURATE
22                                           ITEMIZED STATEMENTS IN
                                             VIOLATION OF CAL. LAB. CODE § 226.
23

24                                           **DEMAND FOR A JURY TRIAL**

25

26

27

28

1    Plaintiff Isaac Curry ("PLAINTIFF"), an individual, alleges on information and belief,
2    except for his own acts and knowledge, the following:

3

4                                    **THE PARTIES**

5        1.      Defendant Wells Fargo Bank, N.A. is a diversified financial services company
6    providing banking, insurance, investments, mortgage, and consumer and commercial finance
7    through more than 10,000 stores and 12,000 ATMs and the Internet across North America and
8    internationally. Wells Fargo Bank, N.A. hereinafter also referred to as "WELLS FARGO" or
9    "DEFENDANT" employs more than 270,000 team members worldwide and has assets of $1.2
10   trillion as of 2010.

11       2.      According to DEFENDANT's website, the company is headquartered in San
12   Francisco, California, and maintains the largest number of its banking, mortgage, and brokerage
13   stores in California.  DEFENDANT is the industry's number one home mortgage lender and
14   ranks first in the number of mortgage stores (2,400) operated nationwide.

15       3.      An employer's obligation to pay its employees wages is more than a matter of
16   private concern between the parties.  That obligation is founded on a compelling public policy
17   judgment that employees are entitled to work a livable number of hours at a livable wage.  In
18   addition, statutes and regulations that compel employers to pay overtime relate to fundamental
19   issues of social welfare worthy of protection.  The requirement to pay overtime wages extends
20   beyond the benefits individual workers receive because overtime wages discourage employers
21   from concentrating work in a few overburdened hands and encourage employers to instead hire
22   additional employees. Especially in today's economic climate, the importance of spreading
23   available work to reduce unemployment cannot be overestimated.

24       4.      As part of their business, WELLS FARGO employs a fleet of so called "Home
25   Mortgage Consultants." PLAINTIFF, as a Home Mortgage Consultant, was and is primarily
26   engaged in the core, day-to-day business activities of WELLS FARGO. The Home Mortgage
27   Consultants sell mortgage loan products.  As a Home Mortgage Consultant, PLAINTIFF, in
28   performing his sales duties, spends virtually all of his time working in a Wells Fargo office.

1   The primary tools PLAINTIFF employs in performing his sales function are the telephone and

2   the computer.  PLAINTIFF, since the inception of his employment with DEFENDANT, also

3   spends much of his time and energy engaged in the clerical tasks associated with loan

4   processing.

5        5.    As a result, the PLAINTIFF is and has been engaged in a type of work that

6   requires no exercise of independent judgment or discretion as to any matter of significance.

7   Therefore, the PLAINTIFF did not have duties or authority with regards to the management or

8   general business operations of DEFENDANT or DEFENDANT's clients and should therefore

9   have been properly classified as a non-exempt employee.

10       6.    Plaintiff Isaac Curry ("PLAINTIFF") has been employed by WELLS FARGO in

11  Culver City, California as a Home Mortgage Consultant from March of 2010 to the present.

12       7.    The position of Home Mortgage Consultant was represented by WELLS FARGO

13  to the PLAINTIFF as an exempt and salaried position.   On or around May 26, 2011,

14  PLAINTIFF was reclassified as a non-exempt and hourly employee of DEFENDANT.  Over

15  the entire course of PLAINTIFF's employment with DEFENDANT, he has performed the same

16  job duties.   From the period of March of 2010 until on or around May 26, 2011 (the

17  "RELEVANT TIME PERIOD"), PLAINTIFF was classified as an exempt and salaried

18  employee.

19       8.    As defined by DEFENDANT's comprehensive corporate policies and

20  procedures, the duties that the PLAINTIFF primarily engaged in includes selling mortgage loan

21  products.  In addition, the PLAINTIFF is and was also engaged in clerical tasks and paperwork

22  associated with loan processing in accordance with DEFENDANT's established specific

23  procedures and protocols which govern and control every aspect of the work performed by the

24  PLAINTIFF as a Home Mortgage Consultant.   These standardized procedures mirror the

25  realities of the workplace evidencing a uniformity of work among the Home Mortgage

26  Consultants and negate any exercise of independent judgment and discretion as to any matter

27  of significance.

28       9.    The work schedule for PLAINTIFF was set by DEFENDANT.  Generally,

1  during the RELEVANT TIME PERIOD while the PLAINTIFF was classified as an exempt

2  employee, he worked approximately ten (10) hours each workday and approximately ten (10)

3  hours of overtime each workweek.

4        10.    During the RELEVANT TIME PERIOD, DEFENDANT had not established an

5  alternative workweek election for the PLAINTIFF for ten (10) to twelve (12) hour workdays.

6        11.    During the RELEVANT TIME PERIOD, PLAINTIFF was not provided with

7  overtime compensation and other benefits for the overtime hours worked as required by law due

8  to DEFENDANT's unsubstantiated classification of PLAINTIFF as "exempt" by

9  DEFENDANT.

10       12.    As a matter of company policy, practice, and procedure, DEFENDANT had

11  unlawfully, unfairly and/or deceptively classified PLAINTIFF as exempt, until on or around

12  May 26, 2011, based on job title alone, failed to pay the required overtime compensation and

13  otherwise failed to comply with all applicable labor laws with respect to PLAINTIFF.

14       13.    The true names and capacities, whether individual, corporate, subsidiary,

15  partnership, associate or otherwise of Defendants DOES 1 through 50, inclusive, are presently

16  unknown to the PLAINTIFF who therefore sues these Defendants by such fictitious names

17  pursuant to Cal. Civ. Proc. Code § 474. The PLAINTIFF will seek leave to amend this

18  Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they

19  are ascertained. PLAINTIFF is informed and believes, and based upon that information and

20  belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50,

21  inclusive, are responsible in some manner for one or more of the events and happenings that

22  proximately caused the injuries and damages hereinafter alleged.

23       14.    The agents, servants and/or employees of the Defendants and each of them

24  acting on behalf of the Defendants acted within the course and scope of his, her or its authority

25  as the agent, servant and/or employee of the Defendants, and personally participated in the

26  conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein.

27  Consequently, the acts of each Defendants are legally attributable to the other Defendants and

28  all Defendants are jointly and severally liable to the PLAINTIFF for the loss sustained as a

1  proximate result of the conduct of the Defendants' agents, servants and/or employees.

2

3                                    **THE CONDUCT**

4      15.    The primary duty required of the PLAINTIFF as a Home Mortgage Consultant

5  as defined by DEFENDANT was executed by the PLAINTIFF through the performance of non-

6  exempt labor within a defined skill set.

7      16.    Although the PLAINTIFF primarily performed non-exempt labor, DEFENDANT

8  instituted a blanket classification policy, practice and procedure by which the PLAINTIFF was

9  classified as exempt from overtime compensation.  By reason of this uniform exemption

10 practice, policy and procedure applicable to the PLAINTIFF, during the RELEVANT TIME

11 PERIOD, DEFENDANT committed acts of unfair competition in violation of the California

12 Unfair Competition law, Cal. Bus. & Prof. Code § 17200 (the "UCL"), by engaging in a

13 company-wide policy, practice and procedure which failed to properly classify the PLAINTIFF

14 and thereby failed to pay him overtime wages for documented overtime hours worked and

15 provide him with all legally required meal and rest breaks.  The proper classification of the

16 PLAINTIFF is DEFENDANT's burden.  As a result of DEFENDANT's intentional disregard

17 of the obligation to meet this burden, DEFENDANT failed to pay all required overtime

18 compensation for work performed by the PLAINTIFF and violated the California Labor Code

19 and regulations promulgated thereunder as herein alleged over the RELEVANT TIME

20 PERIOD. In addition, DEFENDANT failed to provide all of the legally required meal and rest

21 breaks to the PLAINTIFF as required by the applicable Wage Order and Labor Code.  On or

22 around May 26, 2011, DEFENDANT reclassified PLAINTIFF as a non-exempt and hourly

23 employee and began properly paying him for overtime wages and providing him all legally

24 required meal and rest breaks.

25     17.    DEFENDANT, as a matter of law, has the burden of proving that (a) employees

26 are properly classified as exempt and that (b) DEFENDANT otherwise complies with

27 applicable laws. Other than the initial classification of the PLAINTIFF as exempt from being

28 paid overtime based on job title alone, DEFENDANT had no business policy, practice, or

1   procedure to ensure that the PLAINTIFF was properly classified as exempt, and in fact, as a
2   matter of corporate policy erroneously and unilaterally classified the PLAINTIFF as exempt
3   based on job title alone.

4        18.   Over the course of his employment with DEFENDANT, including currently, the
5   PLAINTIFF has primarily performed non-exempt job duties, but during the RELEVANT TIME
6   PERIOD was nevertheless classified by DEFENDANT as exempt from overtime pay and
7   worked more than eight (8) hours a day, forty (40) hours a week, and/or on the seventh (7th)
8   consecutive day of a workweek.

9        19.   During the RELEVANT TIME PERIOD, PLAINTIFF was not primarily engaged
10  in work of a type that was directly related to the management or general business operations of
11  the employer's customers, when giving these words a fair but narrow construction. PLAINTIFF
12  was also not primarily engaged in work of a type that was performed at the level of the policy
13  or management of DEFENDANT.   PLAINTIFF was also not primarily engaged in work
14  requiring knowledge of an advanced type in a field or science or learning customarily acquired
15  by a prolonged course of specialized intellectual instruction and study, but rather his work
16  primarily involved the performance of routine clerical activities.   The work of a Home
17  Mortgage Consultant of DEFENDANT is work wherein the PLAINTIFF was and is primarily
18  engaged in the day-to-day business of WELLS FARGO. The Home Mortgage Consultants sell
19  mortgage loan products. In addition, the PLAINTIFF was also engaged in clerical tasks, and
20  paperwork associated with loan processing.

21       20.   The fact that the work of the PLAINTIFF may have involved work using a
22  specialized skill set or technical abilities in a defined technical area does not mean that the
23  PLAINTIFF is exempt from overtime wages.   Indeed, the exercise of discretion and
24  independent judgment must be more than the use of a highly technical skill set described in a
25  manual or other sources. The work that the PLAINTIFF was primarily engaged in is the work
26  that is required to be performed as part of the day-to-day-business activity of DEFENDANT.
27  As a result, the PLAINTIFF was primarily engaged in work that falls on the production or the
28  non-exempt administrative sale side of the administrative/production worker dichotomy and

1 | should have been properly classified as a non-exempt employee.

2 |      21.    PLAINTIFF was classified as exempt from California overtime and related laws

3 | by DEFENDANT during the RELEVANT TIME PERIOD, however, he did not have

4 | managerial duties or authority. Furthermore, the PLAINTIFF, as a Home Mortgage Consultant,

5 | was, and currently continues to be, tightly controlled by company policy and by his supervisors,

6 | did not exercise discretion or independent judgment as to matters of significance, and his job

7 | duties were not directly related to DEFENDANT's management policies or general business

8 | operation.

9 |      22.    During the RELEVANT TIME PERIOD, PLAINTIFF was classified and treated

10 | by DEFENDANT as exempt. During that time, DEFENDANT failed to take the proper steps

11 | to determine whether the PLAINTIFF was properly classified under the applicable Industrial

12 | Welfare Commission Wage Order (Wage Order 4-2001) and Cal. Lab. Code §§ 510, *et seq.* as

13 | exempt from applicable California labor laws. Since DEFENDANT had, prior to May 26,

14 | 2011, affirmatively and wilfully misclassified the PLAINTIFF in compliance with California

15 | labor laws, DEFENDANT's practices violated California law. In addition, DEFENDANT

16 | acted deceptively by falsely and fraudulently telling the PLAINTIFF that he was exempt from

17 | overtime pay when DEFENDANT knew or should have known that this statement was false and

18 | not based on known facts. DEFENDANT also acted unfairly by violating the California labor

19 | laws, and as a result of this policy and practice, DEFENDANT also violated the UCL. In doing

20 | so, DEFENDANT cheated the competition by paying the PLAINTIFF less than the amount

21 | competitors paid who complied with the law and cheated the PLAINTIFF by not paying him

22 | in accordance with California law. In addition, DEFENDANT failed to provide all of the

23 | legally required meal and rest breaks to the PLAINTIFF as required by the applicable Wage

24 | Order and Labor Code. During the RELEVANT TIME PERIOD, DEFENDANT did not have

25 | a policy or practice which provided meal and rest breaks to the PLAINTIFF. As a result,

26 | DEFENDANT's failure to provide the PLAINTIFF with all legally required meal and rest

27 | breaks is evidenced by DEFENDANT's business records which contain no record of these

28 | breaks.

23.    DEFENDANT, during the RELEVANT TIME PERIOD, also failed to provide the PLAINTIFF with a wage statement in writing that accurately sets forth gross wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the PLAINTIFF. This conduct violated California Labor Code § 226. The pay stubs also did not accurately display anywhere the PLAINTIFF's overtime hours and applicable rates of overtime pay for the pay period.

24.    By reason of this conduct applicable to the PLAINTIFF, during the RELEVANT TIME PERIOD, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition law, Cal. Bus. & Prof. Code § 17200 (the "UCL"), by engaging in a company-wide policy and procedure which failed to correctly classify the PLAINTIFF as non-exempt. The proper classification of PLAINTIFF is DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT failed to properly calculate and/or pay all required overtime compensation for work performed by the PLAINTIFF and violated the applicable Wage Order, the California Labor Code and the regulations promulgated thereunder as herein alleged during the RELEVANT TIME PERIOD.

## JURISDICTION AND VENUE

25.    This Court has jurisdiction over this action pursuant to Cal. Code of Civ. Proc. § 410.10 and Cal. Business & Professions Code § 17203.

26.    Venue is proper in this County pursuant to Cal. Code of Civ. Proc. §§ 395 and 395.5, because PLAINTIFF resides in this County and WELLS FARGO (i) currently maintains and at all relevant times maintained offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against PLAINTIFF.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIRST CAUSE OF ACTION

### For Unlawful Business Practices

### [Cal. Bus. And Prof. Code § 17200 *et seq.*]

### (By PLAINTIFF Against All Defendants)

27.    PLAINTIFF realleges and incorporates by this reference, as though fully set forth herein, paragraphs 1 through 26 of this Complaint.

28.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

29.    California Business & Professions Code § 17200 *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

California Business & Professions Code § 17203.

30.    By the conduct alleged herein, during the RELEVANT TIME PERIOD, DEFENDANT had engaged in a business practice which violated California law, including but not limited to, Wage Order 4-2001, the California Code of Regulations, and the California Labor Code Sections 226(a), 226.7, 510, 1194 & 1198, and for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

31.    By the conduct alleged herein, DEFENDANT's practices during the RELEVANT TIME PERIOD were unlawful and unfair in that these practices violated public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue

1  equitable and injunctive relief pursuant to Section 17203 of the California Business &

2  Professions Code, including restitution of wages wrongfully withheld.

3       32.   By the conduct alleged herein, DEFENDANT's practices during the

4  RELEVANT TIME PERIOD were deceptive and fraudulent in that DEFENDANT's uniform

5  policy and practice was to represent to PLAINTIFF that he was exempt from overtime pay

6  when in fact these representations were false and likely to deceive, for which this Court should

7  issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including

8  restitution of wages wrongfully withheld.

9       33.   By the conduct alleged herein, DEFENDANT's practices during the

10 RELEVANT TIME PERIOD were also unlawful, unfair and deceptive in that DEFENDANT's

11 employment practices caused the PLAINTIFF to be underpaid during his employment with

12 DEFENDANT.

13      34.   By and through the unlawful and unfair business practices described herein,

14 during the RELEVANT TIME PERIOD, DEFENDANT had obtained valuable property, money

15 and services from the PLAINTIFF and had deprived PLAINTIFF of valuable rights and benefits

16 guaranteed by law and contract, all to the detriment of PLAINTIFF and to the benefit of

17 DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who

18 comply with the law.

19      35.   All the acts described herein as violations of, among other things, the California

20 Labor Code, California Code of Regulations, the Industrial Welfare Commission Wage Orders,

21 and the related opinions of the Department of Labor, were unlawful, were in violation of public

22 policy, were immoral, unethical, oppressive, and unscrupulous, and were likely to deceive the

23 PLAINTIFF, as herein alleged, and thereby constitute deceptive, unfair and unlawful business

24 practices in violation of Cal. Bus. and Prof. Code § 17200 *et seq.*

25      36.   PLAINTIFF is entitled to, and does, seek such relief as may be necessary to

26 restore to PLAINTIFF the money and property which DEFENDANT has acquired, or of which

27 the PLAINTIFF has been deprived, by means of the above described unlawful and unfair

28 business practices, including earned but unpaid wages for all hours worked.

37.     Throughout the RELEVANT TIME PERIOD, it was also DEFENDANT's uniform policy and practice to not provide all legally required meal and rest breaks to the PLAINTIFF.  During the RELEVANT TIME PERIOD, DEFENDANT failed to provide any compensated work time for failing to provide such breaks to the PLAINTIFF.

38.     Therefore, the PLAINTIFF demands on behalf of himself, one (1) hour of pay for each workday in which a meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second meal period was not timely provided for each ten (10) hours of work.

39.     PLAINTIFF further demands on behalf of himself, one (1) hour of pay for each workday in which a rest period was not timely provided as required by law.

40.     PLAINTIFF is further entitled to, and does, seek a declaration that the described business practices are unlawful, unfair and deceptive.

41.     As a result of the unlawful and unfair business practices described herein during the RELEVANT TIME PERIOD, the PLAINTIFF has suffered irreparable legal and economic harm as a result of DEFENDANT's unlawful and unfair business practices.

## SECOND CAUSE OF ACTION

### For Failure To Pay Overtime Compensation

### [Cal. Lab. Code §§ 510, 551, 552, 1194 and 1198]

### (By PLAINTIFF Against All Defendants)

42.     PLAINTIFF realleges and incorporates by this reference, as though fully set forth herein, paragraphs 1 through 38 of this Complaint.

43.     Cal. Lab. Code § 510 states in relevant part:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate

1    of pay of an employee.

2        44.    Cal. Lab. Code § 551 states that, "Every person employed in any occupation of

3    labor is entitled to one day's rest therefrom in seven."

4        45.    Cal. Lab. Code § 552 states that, "No employer of labor shall cause his

5    employees to work more than six days in seven."

6        46.    Cal. Lab. Code § 515(d) provides: "For the purpose of computing the overtime

7    rate of compensation required to be paid to a nonexempt full-time salaried employee, the

8    employee's regular hourly rate shall be 1/40th of the employee's weekly salary."

9        47.    Cal. Lab. Code § 1194 states:

10           Notwithstanding any agreement to work for a lesser wage, any employee
11           receiving less than the legal minimum wage or the legal overtime compensation
                applicable to the employee is entitled to recover in a civil action the unpaid
12           balance of the full amount of this minimum wage or overtime compensation,
                including interest thereon, reasonable attorney's fees, and costs of suit.

13       48.    Cal. Lab. Code § 1198 provides: "The maximum hours of work and the

14   standard conditions of labor fixed by the commission shall be the maximum hours of work and

15   the standard conditions of labor for employees. The employment of any employee for longer

16   hours than those fixed by the order or under conditions of labor prohibited by the order is

17   unlawful."

18       49.    During the RELEVANT TIME PERIOD, DEFENDANT had intentionally and

19   uniformly designated certain employees as "exempt" employees, by their job title and without

20   regard to DEFENDANT's realistic expectations and actual overall requirements of the job,

21   including the PLAINTIFF who worked on the production side of DEFENDANT's business.

22   This was done in an illegal attempt to avoid payment of overtime wages and other benefits in

23   violation of the California Labor Code and Industrial Welfare Commission requirements.

24       50.    For an employee to be exempt as a bona fide "executive," all the following

25   criteria must be met and DEFENDANT has the burden of proving that:

26       (a)    The employee's primary duty must be management of the enterprise, or of a

27              customarily recognized department or subdivision; and,

28

(b)     The employee must customarily and regularly direct the work of at least two (2) or more other employees; and,

(c)     The employee must have the authority to hire and fire, or to command particularly serious attention to his or her recommendations on such actions affecting other employees; and,

(d)     The employee must customarily and regularly exercise discretion and independent judgment; and,

(e)     The employee must be primarily engaged in duties which meet the test of exemption.

PLAINTIFF was not an executive because PLAINTIFF failed and continues to fail to meet the requirements of being an "executive" within the meaning of the applicable Wage Order.

51.     For an employee to be exempt as a bona fide "administrator," all of the following criteria must be met and DEFENDANT has the burden of proving that:

(a)     The employee must perform office or non-manual work directly related to management policies or general business operation of the employer; and,

(b)     The employee must customarily and regularly exercise discretion and independent judgment; and,

(c)     The employee must regularly and directly assist a proprietor or an exempt administrator; or,

(d)     The employee must perform, under only general supervision, work requiring special training, experience, or knowledge, or,

(e)     The employee must execute special assignments and tasks under only general supervision; and,

(f)     The employee must be primarily engaged in duties which meet the test of exemption.

PLAINTIFF was not an administrator because PLAINTIFF failed to meet the requirements for being an "administrator" under the applicable Wage Order.

52.     The Industrial Welfare Commission, in Wage Order 4-2001, at section (1)(A)(3), and Labor Code § 515 also set forth the requirements which must be complied with to place an employee in the "professional" exempt category. For an employee to be exempt as a bona fide "professional," all the following criteria must be met and DEFENDANT has the burden of proving that:

      (a)    The employee is primarily engaged in an occupation commonly recognized as a learned or artistic profession. For the purposes of this subsection, "learned or artistic profession" means an employee who is primarily engaged in the performance of:

            1)    Work requiring knowledge of an advanced type in a field or science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual, or physical processes, or work that is an essential part or necessarily incident to any of the above work; or,

            2)    Work that is original and creative in character in a recognized field of artistic endeavor, and the result of which depends primarily on the invention, imagination or talent of the employee or work that is an essential part of or incident to any of the above work; and,

            3)    Whose work is predominately intellectual and varied in character (as opposed to routine mental, manual, mechanical, or physical work) and is of such character cannot be standardized in relation to a given period of time.

      (b)    The employee must customarily and regularly exercise discretion and independent judgment; and,

      (c)    The employee earns a monthly salary equivalent to no less than two (2) times the

1      state minimum wage for full-time employment.

2 PLAINTIFF was not a professional because PLAINTIFF failed to meet the requirements of

3 being a "professional" within the meaning of the applicable Wage Order.

4    53.  PLAINTIFF does not fit the definition of an exempt executive, administrative,

5 or professional employee because:

6    (a)  PLAINTIFF did not work as an executive or administrator; and,

7    (b)  The professional exemption does not apply to the PLAINTIFF because

8        PLAINTIFF did not meet all the applicable requirements to work under the

9        professional exemption for the reasons set forth above in this Complaint.

10    54.  The PLAINTIFF worked more than eight (8) hours in a workday, forty (40) hours

11 in a workweek, and/or worked on the seventh (7th) consecutive day of a workweek.

12    55.  During the RELEVANT TIME PERIOD, DEFENDANT failed to pay the

13 PLAINTIFF overtime compensation for the hours PLAINTIFF worked in excess of the

14 maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198, even

15 though the PLAINTIFF was regularly required to work, and did in fact work, overtime hours.

16    56.  By virtue of DEFENDANT's unlawful failure to pay additional compensation

17 to the PLAINTIFF for PLAINTIFF's overtime hours during the RELEVANT TIME PERIOD,

18 the PLAINTIFF has suffered an economic injury in amounts which are presently unknown to

19 PLAINTIFF and which will be ascertained according to proof at trial.

20    57.  DEFENDANT knew or should have known that during the RELEVANT TIME

21 PERIOD the PLAINTIFF was misclassified as exempt and DEFENDANT systematically

22 elected, either through intentional malfeasance or gross nonfeasance, not to pay PLAINTIFF

23 for PLAINTIFF's overtime labor as a matter of uniform corporate policy, practice and

24 procedure.

25    58.  Therefore, the PLAINTIFF requests recovery of overtime compensation

26 according to proof, interest, costs, as well as the assessment of any statutory penalties against

27 DEFENDANT, in a sum as provided by the California Labor Code and/or other statutes.

28    59.  In performing the acts and practices herein alleged in violation of labor laws

1   and refusing to provide the requisite overtime compensation, during the RELEVANT TIME

2   PERIOD, DEFENDANT acted intentionally, oppressively, and maliciously toward the

3   PLAINTIFF with a conscious and utter disregard of PLAINTIFF's legal rights, or the

4   consequences to PLAINTIFF, and with the despicable intent of depriving PLAINTIFF of his

5   property and legal rights and otherwise causing PLAINTIFF injury in order to increase

6   corporate profits at the expense of the PLAINTIFF.

7

8   ### THIRD CAUSE OF ACTION

9   **For Failure to Provide Accurate Itemized Statements**

10   **[Cal. Lab. Code § 226]**

11   **(By PLAINTIFF Against All Defendants)**

12   60.   PLAINTIFF realleges and incorporates by this reference, as though fully set forth

13   herein, paragraphs 1 through 56 of this Complaint.

14   61.   Cal. Labor Code § 226 provides that an employer must furnish employees

15   with an "accurate itemized" statement in writing showing:

16   (1) gross wages earned,

17   (2) total hours worked by the employee, except for any employee whose compensation

18   is solely based on a salary and who is exempt from payment of overtime under

19   subdivision (a) of Section 515 or any applicable order of the Industrial Welfare

20   Commission,

21   (3) the number of piecerate units earned and any applicable piece rate if the employee

22   is paid on a piece-rate basis,

23   (4) all deductions, provided that all deductions made on written orders of the employee

24   may be aggregated and shown as one item,

25   (5) net wages earned,

26   (6) the inclusive dates of the period for which the employee is paid,

27   (7) the name of the employee and his or her social security number, except that by

28   January 1, 2008, only the last four digits of his or her social security number or an

1   employee identification number other than a social security number may be shown on

2   the itemized statement,

3   (8) the name and address of the legal entity that is the employer, and

4   (9) all applicable hourly rates in effect during the pay period and the corresponding

5   number of hours worked at each hourly rate by the employee.

6        62.     During the RELEVANT TIME PERIOD, DEFENDANT violated Labor Code

7   § 226 in that DEFENDANT failed to provide an accurate wage statement in writing that

8   properly and accurately itemized the number of hours worked by the PLAINTIFF at the

9   effective regular rates of pay and the effective overtime rates of pay.

10        63.     DEFENDANT knowingly and intentionally failed to comply with Labor Code

11   § 226, causing damages to the PLAINTIFF. These damages include, but are not limited to,

12   costs expended calculating the true hours worked and the amount of employment taxes which

13   were not properly paid to state and federal tax authorities. These damages are difficult to

14   estimate. Therefore, the PLAINTIFF may elect to recover liquidated damages of $50.00 for the

15   initial pay period in which the violation occurred, and $100.00 for each violation in subsequent

16   pay period pursuant to Labor Code § 226, in an amount according to proof at the time of trial

17   (but in no event more than $4,000.00 for the PLAINTIFF).

18

19   **<u>PRAYER FOR RELIEF</u>**

20        WHEREFOR, the PLAINTIFF prays for judgment against each Defendant, jointly and

21   severally, as follows:

22   1.     On the UCL claim:

23        A)     An order requiring DEFENDANT to correctly calculate and pay all wages and

24        all sums unlawfuly withheld from compensation due to the PLAINTIFF; and,

25        B)     Restitutionary disgorgement of DEFENDANT's ill-gotten gains for restitution

26        of the sums incidental to DEFENDANT's violations due to the PLAINTIFF; and,

27   2.     On the California Labor Code claims:

28        A)     Compensatory damages, according to proof at trial, including compensatory

1   damages for overtime compensation due to the PLAINTIFF plus interest thereon

2   at the statutory rate; and,

3   B)   The greater of all actual damages or fifty dollars ($50) for the initial pay period

4        in which a violation occurs and one hundred dollars ($100) for each violation in

5        a subsequent pay period, not exceeding an aggregate penalty of four thousand

6        dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226.

7   3.   On all claims:

8   A)   An award of interest, including prejudgment interest at the legal rate;

9   B)   Such other and further relief as the Court deems just and equitable; and,

10  C)   An award of penalties and cost of suit, but neither this prayer nor any other

11       allegation or prayer in this Complaint is to be construed as a request, under any

12       circumstance, that would result in a request for attorneys' fees under Cal. Lab.

13       Code § 218.5.

14

15  Dated:  December 4, 2011          BLUMENTHAL, NORDREHAUG & BHOWMIK

16                                    By:

17                                         Norman B. Blumenthal
                                           Attorneys for Plaintiff

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

PLAINTIFF demands a jury trial on issues triable to a jury.

Dated:   December 2I, 2011          BLUMENTHAL, NORDREHAUG & BHOWMIK

By: _____
        Norman B. Blumenthal
        Attorneys for Plaintiff

\\SERVER4\Data\D\NBB\Wells Fargo - Curry\p-complaint-FINAL.wpd

# EXHIBIT B

1   LINDBERGH PORTER, Bar No. 100091
    LITTLER MENDELSON, P.C.
2   650 California Street
    20th Floor
3   San Francisco, CA 94108.2693
    Telephone:   415.433.1940
4   Fax No.:      415.399.8490

5   Attorneys for Defendant
    WELLS FARGO BANK, N.A.

6

7

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

FEB 2 4 2012

John A. Clarke, Executive Officer/Clerk

L. Hicks, Deputy

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF LOS ANGELES

10  ISAAC CURRY, individually            Case No. YC066168

11              Plaintiff,               ASSIGNED FOR ALL PURPOSES TO
                                         JUDGE WILLIAM G. WILLETT
12      v.
                                         **DEFENDANT WELLS FARGO BANK'S
13  WELLS FARGO BANK, N.A.; and DOES     ANSWER TO COMPLAINT**
    1 through 50, inclusive,
14                                       Trial Date:  None Set
              Defendants.               Complaint Filed:  December 22, 2011
15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

1      Defendant Wells Fargo Bank, N.A. ("Wells Fargo") hereby answers the unverified

2   Complaint filed by Plaintiff Isaac Curry ("Plaintiff") in the above-referenced action as follows:

3

### GENERAL DENIAL

4

5      Pursuant to the provisions of the California Code of Civil Procedure section

6   431.30(d), Wells Fargo denies generally and specifically each and every allegation contained in the

7   Complaint.   In addition, Wells Fargo denies Plaintiff has sustained, or will sustain, any loss or

8   damage in the manner or amount alleged, or otherwise, by reason of any act or omission, or any

9   other conduct or absence thereof on the part of Wells Fargo.

10

### AFFIRMATIVE AND OTHER DEFENSES

11

12      Wells Fargo asserts the following affirmative and other defenses, which it has

13   designated, collectively, as "affirmative defenses." Wells Fargo's designating its defenses as

14   "affirmative" is not intended in any way to alter Plaintiff's burden of proof with regard to any

15   element of his cause of action.

16

### FIRST AFFIRMATIVE DEFENSE

17      1.      The Complaint and each and every alleged cause of action therein fail to state

18   facts sufficient to constitute a cause of action upon which relief can be granted.

19

### SECOND AFFIRMATIVE DEFENSE

20      2.      The Complaint and each purported cause of action alleged therein are barred

21   because Plaintiff was or is properly classified as an exempt employee under the outside sales,

22   commissioned sales, executive, administrative, and/or combination exemptions in California's Labor

23   Code and wage and hour regulations.

24

### THIRD AFFIRMATIVE DEFENSE

25      3.      Plaintiff is precluded from recovering any amounts from Wells Fargo where

26   Wells Fargo has paid that Plaintiff all sums legally due.

27

28                                                2.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

**FOURTH AFFIRMATIVE DEFENSE**

4.    The Complaint and each purported cause of action alleged therein are barred because Plaintiff misperformed his duties and/or failed to perform the duties which Wells Fargo realistically and reasonably expected Plaintiff to perform.

**FIFTH AFFIRMATIVE DEFENSE**

5.    Some or all of the disputed time for which Plaintiff seeks to recover (of wages purportedly owed) is not compensable pursuant to the doctrine of *de minimis non curat lex*.

**SIXTH AFFIRMATIVE DEFENSE**

6.    To the extent the amount of any punitive damages awarded are unreasonable, excessive, arbitrary, or disproportionate to the amount of harm to Plaintiffs and to the general damages recovered, Wells Fargo's rights under the Fifth, Seventh, Eighth and Fourteenth Amendments of the United States Constitution and Article 1 of the California Constitution will be violated.

**SEVENTH AFFIRMATIVE DEFENSE**

7.    Plaintiff is not entitled to any penalty award under the California Business and Professions Code § 17200, *et seq.*, the California Labor Code or any Wage Order because Wells Fargo did not willfully fail to comply with the compensation provisions of the California Labor Code, or the applicable Wage Order, but rather acted in good faith and had reasonable grounds for believing it did not violate them.

**EIGHTH AFFIRMATIVE DEFENSE**

8.    The Complaint and each purported cause of action alleged therein are barred to the extent Plaintiff has released Wells Fargo from any claim Plaintiff may have against it.

**NINTH AFFIRMATIVE DEFENSE**

9.    Wells Fargo alleges that Plaintiff sustained no injury from any alleged failure by Wells Fargo to comply with Labor Code section 226.

**TENTH AFFIRMATIVE DEFENSE**

10.    Wells Fargo alleges that Plaintiff was exempt from payment of overtime wages pursuant to the administrative, outside sales, commissioned sales, and/or combination

3.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT WELLS FARGO BANK'S ANSWER TO COMPLAINT
CASE NO. YC066168

1    exemptions and, pursuant to Labor Code section 206(a), Plaintiffs were not entitled, *inter alia*, to a

2    wage statement specifying an hourly rate and number of hours worked.

### ELEVENTH AFFIRMATIVE DEFENSE

4           11.    Wells Fargo alleges that its electronic wage statements satisfy Labor Code

5    section 226(a).

### TWELFTH AFFIRMATIVE DEFENSE

7           12.    Wells Fargo alleges that, even assuming *arguendo*, Plaintiffs were not

8    provided with a proper itemized statement of wages and deductions, or that an electronic wage

9    statement does not comply with the Labor Code, Plaintiff is not entitled to recover damages or

10   penalties because Wells Fargo's alleged failure to comply with California Labor Code section 226(a)

11   was not a 'knowing and intentional failure" under California Labor Code section 226( e).

### THIRTEENTH AFFIRMATIVE DEFENSE

13          13.    Wells Fargo alleges that each purported cause of action set forth in the

14   Complaint is barred in whole or in part by the applicable statute(s) of limitation, including without

15   limitation, the three-year limitations period contained in California Code of Civil Procedure section

16   338(a); the one-year limitations period governing recovery of statutory penalties contained in

17   California Code of Civil Procedure section 340(1); and/or the four year limitations period found in

18   Business and Professions Code section 17208.

### FOURTEENTH AFFIRMATIVE DEFENSE

20          14.    Wells Fargo alleges that Plaintiff's Complaint, to the extent it seeks punitive

21   or exemplary damages pursuant to Section 3294 of the California Civil Code, violates Wells Fargo's

22   rights to procedural due process under the Fifth, Seventh, Eighth and Fourteenth Amendment to the

23   United States Constitution and the Constitution of the State of California and, therefore, fails to state

24   a cause of action upon which either punitive or exemplary damages can be awarded.

### FIFTEENTH AFFIRMATIVE DEFENSE

26          15.    Wells Fargo alleges that in the event damages, injuries and/or losses were

27   suffered by Plaintiff, which Wells Fargo denies, such damages, injuries and/or losses resulted from

28   the negligence of parties, persons and/or entities other than Wells Fargo, and the liability of Wells

4.

LITTLER MENDELSON, P.C
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT WELLS FARGO BANK'S ANSWER TO COMPLAINT
CASE NO. YC066168

1    Fargo, if any, is limited in direct proportion to the percentage of fault actually attributed to Wells

2    Fargo pursuant to applicable law(s).

3                              **SIXTEENTH AFFIRMATIVE DEFENSE**

4            16.    Wells Fargo alleges that it had a good faith and reasonable belief that it was in

5    compliance with applicable law and that, accordingly no liquidated damages should be awarded

6    Plaintiff for any violation thereof that may be found to exist.

7                          **SEVENTEENTH AFFIRMATIVE DEFENSE**

8            17.    Wells Fargo alleges that it is informed and believes that a reasonable

9    opportunity for investigation and discovery will reveal, and on that basis alleges, Plaintiff has failed

10    to exercise reasonable care to mitigate his damages, if any were suffered, and that his rights to

11    recover against Wells Fargo should be reduced and/or eliminated by such a failure.

12                          **EIGHTEENTH AFFIRMATIVE DEFENSE**

13            18.    Wells Fargo is informed and believes that a reasonable opportunity for

14    investigation and discovery will reveal, and on that basis alleges, the Complaint and each cause of

15    action set forth therein are barred by the equitable doctrines of waiver or estoppel, or laches, or

16    unclean hands. Wells Fargo reserves the right to amend its Answer upon further investigation and

17    discovery of facts supporting this defense.

18                          **NINETEENTH AFFIRMATIVE DEFENSE**

19            19.    Wells Fargo is informed and believes that a reasonable opportunity for

20    investigation and discovery will reveal and, on that basis, alleges Plaintiff's claims are barred by his

21    own breach of the duties owed to Wells Fargo under California Labor Code sections 2854, 2856,

22    2857, 2858 and/or 2859.

23                          **TWENTIETH AFFIRMATIVE DEFENSE**

24            20.    As a separate and distinct affirmative defense to the Complaint, Wells Fargo

25    alleges that the Complaint and each cause of action set forth therein are barred because Plaintiff

26    failed to timely and completely exhaust her requisite administrative and/or contractual remedies

27    available to her under the California Labor Code prior to commencing this action.

28    ///

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    As a separate and distinct affirmative defense to the Complaint, Wells Fargo is informed and believes that a reasonable opportunity for investigation and discovery will reveal and, on that basis, alleges some or all of certain hours claimed by Plaintiff are not "hours worked" within the meaning of any Wage Order(s) of the California Industrial Welfare Commission and/or under applicable California law, so that overtime compensation need not be paid for those hours.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    As a separate and distinct affirmative defense to the Complaint, Wells Fargo alleges there exists a bona fide dispute as to whether any further compensation is actually due to Plaintiff and, if so, the amount thereof.

## ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES

23.    Wells Fargo presently has insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses or affirmative defenses in the event discovery indicates such defenses are appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Wells Fargo prays for relief as follows:

1.    That Plaintiff take nothing and that the Complaint be dismissed in its entirety with prejudice;

2.    That judgment be entered in Wells Fargo's favor;

3.    That Wells Fargo be awarded such other and further relief as the Court deems just and proper.

Dated: February 24, 2012

Lindbergh Porter ASH

LINDBERGH PORTER
LITTLER MENDELSON, P.C.
Attorneys for Defendant
WELLS FARGO BANK, N.A.

Firmwide:109497556.1 051995.1000

LITTLER MENDELSON, P.C
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

6.

DEFENDANT WELLS FARGO BANK'S ANSWER TO COMPLAINT
CASE NO. YC066168

1

## PROOF OF SERVICE

2       I am a resident of the State of California, over the age of eighteen years, and not a party to

3  the within action. My business address is 650 California Street, 20th Floor, San Francisco, California

4  94108.2693. On February 24, 2012, I served the within document(s):

5  **DEFENDANT WELLS FARGO BANK'S ANSWER TO COMPLAINT**

6

7

8  ☐    By facsimile transmission at or about _____ on that date. This document
       was transmitted by using a facsimile machine that complies with California Rules
9      of Court Rule 2003(3), telephone number 415.399.8490. The transmission was
       reported as complete and without error. A copy of the transmission report, properly
10     issued by the transmitting machine, is attached. The names and facsimile numbers
       of the person(s) served are as set forth below.

11

12 ☒    by placing a true copy of the document(s) listed above for collection and mailing
       following the firm's ordinary business practice in a sealed envelope with postage
13     thereon fully prepaid for deposit in the United States mail at San Francisco,
       California addressed as set forth below.

14

15 ☐    by depositing a true copy of the same enclosed in a sealed envelope, with delivery
       fees provided for, in an overnight delivery service pick up box or office designated
16     for overnight delivery, and addressed as set forth below.

17 ☐    **COURTESY COPY** - by e-mail or electronic transmission to the person(s) at the
       e-mail addresses as indicated on the service list below.  I did not receive, within a
18     reasonable time after the transmission, any electronic message or other indication
       that the transmission was unsuccessful.

19
   Norman Blumenthal
20 Kyle R. Nordrehaug
   Aparajit Bhowmik
21 Blumenthal, Nordrehaug & Bhowmik
   2255 Calle Clara
22 La Jolla, CA  92037
   Facsimile: 858.551.1232

23

24      I am readily familiar with the firm's practice of collection and processing

25 correspondence for mailing and for shipping via overnight delivery service.  Under that practice it

26 would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

27 deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

28 thereon fully prepaid in the ordinary course of business.

1.                                        Case No. YC066168

1         I declare under penalty of perjury under the laws of the State of California that the

2    above is true and correct. Executed on February 24, 2012, at San Francisco, California.

3

4                                              *Christina L Jones*

5                                              Christina L. Jones

6    Firmwide:109515429.1 051995.1000

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

Case No. YC066168

**PROOF OF SERVICE**

# EXHIBIT C

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOTICE SENT TO:

BLUMENTHAL, NORMAN B.
2255 CALLE CLARA
LA JOLLA              CA   92037

FILE STAMP

MAY 02 2012

JOHN A. CLARKE, CLERK

BY H. RODGERS, DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| ISAAC CURRY | Plaintiff(s), | **CASE NUMBER**<br><br>YC066168 |
| VS. | | |
| WELLS FARGO BANK, N.A. | Defendant(s). | **Notice of Case Reassignment and of Order for Plaintiff to Give Notice** |

### TO THE PLAINTIFF(S) AND PLAINTIFF'S ATTORNEY OF RECORD or PLAINTIFF(S) IN PROPRIA PERSONA:

YOU ARE HEREBY NOTIFIED that effective  May 29, 2012 , an order was made that the above-entitled action, previously assigned to  William G. Willett , is now and shall be assigned to  Laura C. Ellison  as an Individual Calendar (IC), direct calendaring judge for all purposes, including trial, in Department  A . (See Chapter 7, Los Angeles Court Rules.) All matters on calendar in this case will remain set on the dates previously noticed, in the Department indicated above unless otherwise ordered by the court.

NOTICE IS FURTHER GIVEN that the order directs that plaintiff and counsel for the plaintiff shall give notice of this all purpose case assignment by serving a copy of this Notice on all parties to this action within 10 days of service of this Notice by the court, and file proof of service thereof within 12 days of this Notice.

### CLERK'S CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Reassignment and of Order for Plaintiff to Give Notice upon each party or counsel named above by depositing in the United States mail at the courthouse in Torrance, California, one copy of the orginial filed/ entered herein in a separate envelope to each address as shown above with the postage thereon fully prepaid.

Dated:  May 2, 2012

JOHN A. CLARKE, Executive Officer/
Clerk of the Superior Court

By _____ ,Deputy
                    H. RODGERS

NOTICE OF CASE REASSIGNMENT AND OF ORDER FOR PLAINTIFF TO GIVE NOTICE

# EXHIBIT D

CM-110

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Lindbergh Porter, Jr. Bar No. 100091<br>Mary D. Walsh, Bar No. 197039<br>Littler Mendelson, P.C.<br>650 California Street, 20th Floor, San Francisco, CA 94108<br>TELEPHONE NO.: 415.433.1940   FAX NO. (Optional): 415.399.8490<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Defendant Wells Fargo Bank, N.A. | FOR COURT USE ONLY<br><br>CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>MAY 1 5 2012<br><br>John A. Clarke, Executive Officer/Clerk<br><br>By Lanelle M. Galindo, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 825 Maple Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Torrance, CA 90503
BRANCH NAME: Southwest District

PLAINTIFF/PETITIONER: Isaac Curry

DEFENDANT/RESPONDENT: Wells Fargo Bank, N.A.

| CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|
| (Check one):  ☒ UNLIMITED CASE<br>(Amount demanded<br>exceeds $25,000) | ☐ LIMITED CASE<br>(Amount demanded is $25,000<br>or less) | YC066168 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: May 31, 2012    Time: 8:30 AM    Dept: 11    Div.:    Room:

Address of court (if different from the address above):

☒  Notice of Intent to Appear by Telephone, by (name): Lindbergh Porter and Mary Walsh

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. Party or parties (answer one):
   a. ☒ This statement is submitted by party (name): Wells Fargo Bank, N.A.
   b. ☐ This statement is submitted jointly by parties (names):

2. Complaint and cross-complaint (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. Service (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):
      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐ have had a default entered against them (specify names):
   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. Description of case
   a. Type of case in ☒ complaint    ☐ cross-complaint    (Describe, including causes of action):

**CM-110**

| PLAINTIFF/PETITIONER: Isaac Curry | CASE NUMBER: YC066168 |
|---|---|
| DEFENDANT/RESPONDENT: Wells Fargo Bank, N.A. | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiff, Isaac Curry, is employed by Wells Fargo as a Home Mortgage Consultant. Plaintiff filed a Complaint alleging causes of action for: (1) unfair competition in violation of California Business and Professions Code Section 17200; (2) failure to pay overtime; and (3) failure to provide itemized wage statements. Wells Fargo contends that it paid Plaintiff all wages owed. Wells Fargo further denies all of Plaintiff's claims and denies that Plaintiff is entitled to any of the remedies he seeks.

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial.      *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐  The trial has been set for *(date):*
b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
November 19-23, 2012; January 1-21, 2013; March 16-31, 2013

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☒  days *(specify number):* 5-7
b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial  ☒  by the attorney or party listed in the caption      ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:                             f.  Fax number:
e.  E-mail address:                               g.  Party represented:
☐  Additional representation is described in Attachment 8.

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☒ has    ☐ has not    provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has    ☐ has not reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkFlow.com

CM-110

| PLAINTIFF/PETITIONER: Isaac Curry | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Wells Fargo Bank, N.A. | YC066168 |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form **are willing to** participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case **have agreed to** participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☒ | ☒ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date) :<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkFlow.com

**CM-110**

| PLAINTIFF/PETITIONER: Isaac Curry | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Wells Fargo Bank, N.A. | YC066168 |

**11. Insurance**
  a. ☐   Insurance carrier, if any, for party filing this statement *(name)*:
  b.  Reservation of rights:  ☐ Yes  ☐ No
  c. ☐   Coverage issues will significantly affect resolution of this case *(explain)*:

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
  ☐ Bankruptcy  ☐ Other *(specify)*:
Status:

**13. Related cases, consolidation, and coordination**
  a. ☐   There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
    ☐   Additional cases are described in Attachment 13a.
  b. ☐  A motion to  ☐ consolidate  ☐ coordinate  will be filed by *(name party)*: .

**14. Bifurcation**
  ☐   The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**15. Other motions**
  ☒   The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:
Defendant anticipates filing a motion for summary judgment, or in the alternative, motion for summary adjudication.

**16. Discovery**
  a. ☐   The party or parties have completed all discovery.
  b. ☒   The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | July 2012 |
| Defendant | Plaintiff's Deposition | August 2012 |
| Defendant | Written Discovery | September 2012 |
| Defendant | Discovery from Third Parties | October 2012 |

  c. ☒   The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:
The parties are conferring regarding a stipulated protective order to cover production of documents containing Defendant's confidential and proprietary information.


American LegalNet, Inc.
www.FormsWorkFlow.com

**CM-110**

| PLAINTIFF/PETITIONER: Isaac Curry | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Wells Fargo Bank, N.A. | YC066168 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90–98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20.** Total number of pages attached *(if any):* ___0___

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: May 14, 2012

Mary D. Walsh
_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

Firmwide:111388427.1 051995.1048



American LegalNet, Inc.
www.FormsWorkFlow.com

## PROOF OF SERVICE BY MAIL

I am employed in San Francisco County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 650 California Street, 20th Floor, San Francisco, California 94108.2693.  I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  On May 15, 2012, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

### CASE MANAGEMENT STATEMENT

in a sealed envelope, postage fully paid, addressed as follows:

Norman Blumenthal
Kyle R. Nordrehaug
Aparajit Bhowmik
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara
La Jolla, CA  92037

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 15, 2012, at San Francisco, California.

_Cindy Montague_
Cynthia K. Montague

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

Firmwide:111638641.1 051995.1048

PROOF OF SERVICE

# EXHIBIT E

CM-110

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Aparajit Bhowmik (CSB #248066)<br>BLUMENTHAL, NORDREHAUG & BHOWMIK<br>2255 Calle Clara, La Jolla CA 92037<br>TELEPHONE NO.: 858-551-1223    FAX NO. *(Optional):* 858-551-1232<br>E-MAIL ADDRESS *(Optional):* aj@bamlawlj.com<br>ATTORNEY FOR *(Name):* Plaintiff Isaac Curry | *FOR COURT USE ONLY* |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 825 Maple Ave.
MAILING ADDRESS:
CITY AND ZIP CODE: Torrance 90503
BRANCH NAME: Torrance Courthouse

PLAINTIFF/PETITIONER: ISAAC CURRY

DEFENDANT/RESPONDENT: WELLS FARGO BANK, N.A.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* ☑ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000)  ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | YC066168 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: May 31, 2012    Time: 8:30 a.m.    Dept.: 1    Div.:    Room:

Address of court *(if different from the address above):*

☑ Notice of Intent to Appear by Telephone, by *(name):* Aparajit Bhowmik

---

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☑ This statement is submitted by party *(name):* ISAAC CURRY
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* December 22, 2011
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☑ complaint  ☐ cross-complaint  *(Describe, including causes of action):*
      Wage and Hour - Nonpayment of overtime wages and associated penalties

---

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: ISAAC CURRY | CASE NUMBER: |
| DEFENDANT/RESPONDENT: WELLS FARGO BANK, N.A. | YC066168 |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff alleges that Defendant misclassified him as exempt from receiving overtime wages.  Plaintiff worked for Defendant as a "Home Mortgage Consultant" and was classified from exempt from March of 2010 until he was reclassified as non-exempt on May 26, 2011.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☑ a jury trial.   ☐ a nonjury trial.     *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐   The trial has been set for *(date):*
b.   ☑   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☑ days *(specify number):* 7
b.   ☐ hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☑ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:                                              f.   Fax number:
e.   E-mail address:                                                g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**
a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1)   For parties represented by counsel: Counsel ☑ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2)   For self-represented parties: Party ☐ has   ☐ has not  reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available).
(1)   ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2)   ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3)   ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CM-110**

| PLAINTIFF/PETITIONER: ISAAC CURRY | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: WELLS FARGO BANK, N.A. | YC066168 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

|  | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110 [Rev. July 1, 2011]                    **CASE MANAGEMENT STATEMENT**

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: ISAAC CURRY | CASE NUMBER: |
| DEFENDANT/RESPONDENT: WELLS FARGO BANK, N.A. | YC066168 |

**11. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
   Status:

**13. Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| PLAINTIFF | Written Discovery | July 2012 |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | ISAAC CURRY | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | WELLS FARGO BANK, N.A. | YC066168 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: May 17, 2012

Aparajit Bhowmik
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

1  **BLUMENTHAL, NORDREHAUG & BHOWMIK**
   Norman B. Blumenthal (State Bar #068687)
2  Kyle R. Nordrehaug (State Bar #205975)
   Aparajit Bhowmik (State Bar #248066)
3  Piya Mukherjee (State Bar #274217)
   2255 Calle Clara
4  La Jolla, CA 92037
   Telephone: (858)551-1223
5  Facsimile: (858) 551-1232

6  Attorneys for Plaintiff

7

8

9

10               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11              **IN AND FOR THE COUNTY OF LOS ANGELES**

12

13  ISAAC CURRY, individually,              CASE No. **YC066168**

14                                          **PROOF OF SERVICE**
                Plaintiff,
15
    vs.
16
    WELLS FARGO BANK, N.A.; and
17  DOES 1 through 50 inclusive,

18

19              Defendants.                 Date filed: December 22, 2011

20

21

22

23

24

25

26

27

28

─────────────────────────────────────────
                        PROOF OF SERVICE

                                          Case No.: YC066168

1    STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

2        I, Aparajit Bhowmik, am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 2255

3    Calle Clara, La Jolla, California 92037.

4        On May 17, 2012, I served the document(s) described as:

5

       **1.       CASE MANAGEMENT STATEMENT**

6

7

8    __XX__       (BY MAIL): I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Diego, California. I am readily

9        familiar with this firm's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service pursuant to which

10       practice the correspondence will be deposited with the U.S. Postal Service this same day in the ordinary course of business (C.C.P. Section 10139a); 2015.5):

11

12    Lindbergh Porter
LITTLER MENDELSON, P.C.

13    650 California Street
20th Floor

14    San Francisco, CA 94108
Attorneys for Defendant Wells Fargo Bank, N.A.

15

16    __X__ (State): I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

17

18        Executed on May 17, 2012, at La Jolla, California.

19

20                               _____
Aparajit Bhowmik

21

22

23    K:\D\Dropbox\Pending Litigation\Wells Fargo - Curry\p-pos-CMC-ST.wpd

24

25

26

27

28

# EXHIBIT F

1   LINDBERGH PORTER, Bar No. 100091
    MARY D. WALSH, Bar No. 197039
2   LITTLER MENDELSON, P.C.
    650 California Street
3   20th Floor
    San Francisco, CA 94108.2693
4   Telephone:   415.433.1940
    Fax No.:      415.399.8490
5
    Attorneys for Defendant
6   WELLS FARGO BANK, N.A.

7

8   NORMAN B. BLUMENTHAL, Bar No. 068687
    KYLE R. NORDREHAUG, Bar No. 205975
9   APARAJIT BHOWMIK, Bar No. 248066
    BLUMENTHAL, NORDREHAUG & BHOMIK
10  2255 Calle Clara
    La Jolla, CA 92037
11  Telephone: 858-551-1223
    Fax: 858-551-1232
12

13  Attorneys for Plaintiff
    ISAAC CURRY
14

15

16              SUPERIOR COURT OF THE STATE OF CALIFORNIA

17                      COUNTY OF LOS ANGELES

18  ISAAC CURRY, individually          Case No.  YC066168

19              Plaintiff,             ASSIGNED FOR ALL PURPOSES TO
                                       JUDGE LAURA C. ELLISON
20      v.
                                       **STIPULATED PROTECTIVE ORDER**
21  WELLS FARGO BANK, N.A.; and DOES
    1 through 50, inclusive,
22                                     Trial Date:  None Set
                Defendants.            Complaint Filed:  December 22, 2011
23

24

25

26

27

28

LITTLER MENDELSON, P.C
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 1 6 2012

John A. Clarke, Executive Officer/Clerk

By R. Gilliland, Deputy

1    Plaintiff Isaac Curry ("Plaintiff") and Defendant Wells Fargo Bank, National Association

2    ("Wells Fargo"), by and through their respective counsel of record, submit this Stipulated Protective

3    Order:

4         1.    PURPOSES AND LIMITATIONS

5         Good cause for this protective order is shown in that disclosure and discovery activity in this

6    action are likely to involve production of confidential, proprietary, or private information for which

7    special protection from public disclosure and from use for any purpose other than prosecuting this

8    litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to

9    enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not

10   confer blanket protections on all disclosures or responses to discovery and that the protection it

11   affords extends only to the limited information or items that are entitled under the applicable legal

12   principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10,

13   below, that this Stipulated Protective Order creates no entitlement to file confidential information

14   under seal; California Rules of Court, Rules 2.550 *et seq.* set forth the procedures that must be

15   followed and reflects the standards that will be applied when a party seeks permission from the

16   Court to file material under seal.  Counsel shall narrowly tailor the documents, materials or papers

17   that come within this stipulation and order.

18        2.    DEFINITIONS

19        2.1   Party:  any party to this action, including all of its officers, directors, employees,

20   consultants, retained experts, and outside counsel (and their support staff).

21        2.2   Disclosure or Discovery Material:  all items or information, regardless of the medium

22   or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or

23   tangible things) that are produced or generated in disclosures or responses to discovery in this

24   matter.

25        2.3   "Confidential" Information or Items:  information (regardless of how generated,

26   stored or maintained) or tangible things that qualify for protection under standards developed under

27   Code of Civil Procedure section 2031.060.

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

2.

STIPULATED PROTECTIVE ORDER
CASE NO. YC066168

1    As applied to documents, materials or papers filed with the court, this stipulation and order
2    shall be used sparingly to cover only those items that are clearly trade secret, come within clearly
3    defined areas of privileges accepted in State and/or Federal Courts, or have a compelling need for
4    confidentiality.

5    2.4   "Attorneys' Eyes Only" Information or Items:   extremely sensitive "Confidential
6    Information or Items" whose disclosure to another Party or nonparty would create a substantial risk
7    of serious injury that could not be avoided by less restrictive means.

8    2.5   Receiving Party:   a Party that receives Disclosure or Discovery Material from a
9    Producing Party.

10   2.6   Producing Party:   a Party or non-party that produces Disclosure or Discovery Material
11   in this action.

12   2.7   Designating Party:   a Party or non-party that designates information or items that it
13   produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential—
14   Attorneys' Eyes Only."

15   2.8   Protected Material:   any Disclosure or Discovery Material that is designated as
16   "Confidential" or as "Highly Confidential—Attorneys' Eyes Only."

17   2.9   Outside Counsel:   attorneys who are not employees of a Party but who are retained to
18   represent or advise a Party in this action.

19   2.10  House Counsel:   attorneys who are employees of a Party.

20   2.11  Counsel (without qualifier):   Outside Counsel and House Counsel (as well as their
21   support staff).

22   2.12  Expert:   a person with specialized knowledge or experience in a matter pertinent to
23   the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a
24   consultant in this action and who is not a past or a current employee of a Party or of a competitor of
25   a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a
26   competitor of a Party.   This definition includes a professional jury or trial consultant retained in
27   connection with this litigation.

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

3.

STIPULATED PROTECTIVE ORDER
CASE NO.  YC066168

2.13   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof; plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.   <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs until compliance with paragraph 11 herein.

5.   <u>DESIGNATING PROTECTED MATERIAL</u>

5.1   <u>Designating Material for Protection</u>.  Both the Producing Party and Receiving Party have a right to designate material as "Confidential" or "Attorneys' Eyes Only."  If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced, or in the case of the Receiving Party, within 30 days of receipt of the material.  However, either Party may designate any material produced before entry of this Order by the Court if that Party notifies the other Parties of this designation within 30 days of the date this Order is filed by the Court.

Designation in conformity with this Order requires:

(a)       <u>for information in documentary form</u> (apart from information provided in electronic format or on CD or DVD [**see section (b) below**], and not including transcripts of

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

1   depositions or other pretrial or trial proceedings [**see section (c) below**]), that the Producing Party

2   (or Receiving Party where applicable) affix the legend "CONFIDENTIAL" or "ATTORNEYS'

3   EYES ONLY" on each page that contains protected material.  A Party or non-party that makes

4   original documents or materials available for inspection need not designate them for protection until

5   after the inspecting Party has indicated which material it would like copied and produced.  During

6   the inspection and before the designation, all of the material made available for inspection shall be

7   deemed "ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it

8   wants copied and produced, the Producing Party must determine which documents, or portions

9   thereof, qualify for protection under this Order, then, before producing the specified documents, the

10  Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "ATTORNEYS' EYES

11  ONLY") on each page that contains Protected Material.

12      (b)   for writings provided in native format or produced on CD, DVD, or other storage

13  device because of the volume of material,  the Producing Party (or Receiving Party where

14  applicable) affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on the storage

15  medium (e.g., CD) that contains protected material but not upon each image on that storage medium.

16      (c)   for testimony given in deposition or in other pretrial or trial proceedings, that the

17  Party or non-party offering or sponsoring the testimony identify on the record, before the close of the

18  deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of

19  the testimony that qualify as "ATTORNEYS' EYES ONLY."  When it is impractical to identify

20  separately each portion of testimony that is entitled to protection, and when it appears that

21  substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors,

22  offers, or gives the testimony may invoke on the record (before the deposition or proceeding is

23  concluded) a right to have up to 30 calendar days after receipt of the relevant transcript to identify

24  the specific portions of the testimony as to which protection is sought and to specify the level of

25  protection being asserted ("CONFIDENTIAL" or "ATTORNEYS' EYES ONLY").  Only those

26  portions of the testimony that are appropriately designated for protection within the 30 calendar days

27  shall be covered by the provisions of this Stipulated Protective Order.

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

5.

STIPULATED PROTECTIVE ORDER
CASE NO. YC066168

1    Transcript pages containing Protected Material must be separately bound by the court

2    reporter, who must affix to each such page the legend "CONFIDENTIAL" or "ATTORNEYS'

3    EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or

4    presenting the testimony.

5         (d)    for information produced in some other form, and for any other tangible items, that

6    the Producing Party affix in a prominent place on the exterior of the container or containers in which

7    the information or item is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

8         5.3    Inadvertent Failures to Designate.   If timely corrected, an inadvertent failure to

9    designate qualified information or items as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"

10   does not, standing alone, waive the Designating Party's right to secure protection under this Order

11   for such material. If material is appropriately designated as "CONFIDENTIAL" or "ATTORNEYS'

12   EYES ONLY" after the material was initially produced, the Receiving Party (or the Producing Party

13   as the case may be) on timely notification of the designation, must make reasonable efforts to assure

14   that the material is treated in accordance with the provisions of this Order.

15   6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

16        6.1    Timing of Challenges.   Unless a prompt challenge to a Designating Party's

17   confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

18   economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive

19   its right to challenge a confidentiality designation by electing not to mount a challenge promptly

20   after the original designation is disclosed.

21        6.2    Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's

22   confidentiality designation must do so in good faith and must begin the process by conferring

23   directly (in voice to voice telephonic or in-person dialogue; other forms of communication are not

24   sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain

25   the basis for its belief that the confidentiality designation was not proper and must give the

26   Designating Party an opportunity to review the designated material, to reconsider the circumstances,

27   and, if no change in designation is offered, to explain the basis for the chosen designation.  A

28

LITTLER MENDELSON, P.C.
653 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

6.

STIPULATED PROTECTIVE ORDER
CASE NO.  YC066168

1  challenging Party may proceed to the next stage of the challenge process only if it has engaged in

2  this meet and confer process first.

3      6.3   Judicial Intervention.   A Party that elects to press a challenge to a confidentiality

4  designation after considering the justification offered by the Designating Party may file and serve a

5  motion using whatever procedural mechanisms are available and appropriate (in compliance with

6  California Rules of Court, Rules 2.550 *et seq.*, if applicable) that identifies the challenged material

7  and sets forth in detail the basis for the challenge.   Each such motion must be accompanied by a

8  competent declaration that affirms that the movant has complied with the meet and confer

9  requirements imposed in the preceding paragraph and that sets forth with specificity the justification

10  for the confidentiality designation that was given by the Designating Party in the meet and confer

11  dialogue.

12      The burden of persuasion in any such challenge proceeding shall be on the Designating

13  Party.   Until the court rules on the challenge, all parties shall continue to afford the material in

14  question the level of protection to which it is entitled under the Producing Party's designation.

15   7.   ACCESS TO AND USE OF PROTECTED MATERIAL

16      7.1   Basic Principles.   A Receiving Party may use Protected Material that is disclosed or

17  produced by another Party or by a non-party in connection with this case only for prosecuting,

18  defending, or attempting to settle this litigation.   Such Protected Material may be disclosed only to

19  the categories of persons and under the conditions described in this Order.   When the litigation has

20  been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL

21  DISPOSITION).

22      Protected Material must be stored and maintained by a Receiving Party at a location and in a

23  secure manner that ensures that access is limited to the persons authorized under this Order.

24      7.2   Disclosure of "CONFIDENTIAL" Information or Items.   Unless otherwise ordered

25  by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

26  information or item designated CONFIDENTIAL only to:

27      (a)   the Receiving Party's Outside Counsel of record in this action, as well as employees

28  of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

7.

STIPULATED PROTECTIVE ORDER
CASE NO.  YC066168

who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)    experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)    the author of the document or the original source of the information.

7.3    Disclosure of "ATTORNEYS' EYES ONLY" Information or Items.    Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)    House Counsel of a Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

8.

STIPULATED PROTECTIVE ORDER
CASE NO.  YC066168

1       (c)     Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for

2   this litigation; and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit

3   A);

4       (d)     the Court and its personnel;

5       (e)     court reporters, their staffs, and professional vendors to whom disclosure is

6   reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

7   Protective Order" (Exhibit A); and

8       (f)     the author of the document or the original source of the information.

9       8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>

10          <u>OTHER LITIGATION</u>

11      If a Receiving Party is served with a subpoena or an order issued in other litigation that

12   would compel disclosure of any information or items designated in this action as

13   "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the Receiving Party must so notify the

14   Designating Party, in writing (by fax or electronic mail, if possible) immediately and in no event

15   more than three court days after receiving the subpoena or order.  Such notification must include a

16   copy of the subpoena or court order.

17      The Receiving Party also must immediately inform in writing the Party who caused the

18   subpoena or order to issue in the other litigation that some or all the material covered by the

19   subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

20   deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

21   caused the subpoena or order to issue.

22      The purpose of imposing these duties is to alert the interested parties to the existence of this

23   Protective Order and to afford the Designating Party in this case an opportunity to try to protect its

24   confidentiality interests in the court from which the subpoena or order issued.  The Designating

25   Party shall bear the burden and the expense of seeking protection in that court of its confidential

26   material—and nothing in these provisions should be construed as authorizing or encouraging a

27   Receiving Party in this action to disobey a lawful directive from another court.

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

9.

9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.     FILING PROTECTED MATERIAL

        Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with California Rules of Court, Rules 2.550 *et seq.*

11.     FINAL DISPOSITION

        Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2603
415 433 1940

10.

STIPULATED PROTECTIVE ORDER
CASE NO.  YC066168

1   materials contain Protected Material. Any such archival copies that contain or constitute Protected

2   Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

3       12.    MISCELLANEOUS

4       12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek

5   its modification by the Court in the future.

6       12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order

7   no Party waives any right it otherwise would have to object to disclosing or producing any

8   information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

9   Party waives any right to object on any ground to use in evidence of any of the material covered by

10  this Protective Order.

11

12  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

13

14  Dated: ~~April~~ June 27 , 2012

15

16                                              LINDBERGH PORTER, JR.

17                                              MARY D. WALSH
                                                LITTLER MENDELSON

18                                              A Professional Corporation
                                                Attorneys for Defendant

19                                              WELLS FARGO BANK, N.A.

20  Dated: ~~April~~ June 26 , 2012

21

22                                              NORMAN B. BLUMENTHAL

23                                              BLUMENTHAL, NORDREHAUG &
                                                BHOWMIK

24                                              Attorneys for Plaintiff
                                                ISAAC CURRY

25

26

27

28

LITTLER MENDELSON, P.C.
630 California Street
20th Floor
San Francisco, CA 94108.3893
415.433.1940

11.

STIPULATED PROTECTIVE ORDER
CASE NO.  YC066168

ORDER OF THE COURT

Upon review of the Parties' Stipulated Protective Order and upon a finding of good cause, it is hereby ordered that the foregoing Stipulated Protective Order is approved and the Parties are ordered to act in compliance therewith.

DATED: __JUL 1 6 2012__

Judge Laura C. Ellison

HON. LAURA C. ELLISON
JUDGE OF THE SUPERIOR COURT

12.

STIPULATED PROTECTIVE ORDER
CASE NO.  YC066168

1

**EXHIBIT A**

2

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3       I, _____ [print or type full name], of _____

4  [print or type full address], declare under penalty of perjury that I have read in its entirety and

5  understand the Stipulated Protective Order that was issued by the Superior Court of California on

6  _____ in the case of *Curry v. Wells Fargo, N.A.*, Case No. YC0566168.  I

7  agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

8  understand and acknowledge that failure to so comply could expose me to sanctions and punishment

9  in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information

10  or item that is subject to this Stipulated Protective Order to any person or entity except in strict

11  compliance with the provisions of this Order.

12       I further agree to submit to the jurisdiction of the Superior Court of California for the purpose

13  of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings

14  occur after termination of this action.

15       I hereby appoint _____ [print or type full name] of

16  _____ [print or type full address and

17  telephone number] as my California agent for service of process in connection with this action or

18  any proceedings related to enforcement of this Stipulated Protective Order.

19

20  Date: _____

21  City and State where sworn and signed: _____

22  Printed name: _____
[printed name]

23

24  Signature: _____
[signature]

25

26  Firmwide:110540292.1 051995.1048

27

28

LITTLER MENDELSON, P.C
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

13.

**STIPULATED PROTECTIVE ORDER
CASE NO. YC066168**

**PROOF OF SERVICE BY MAIL**

I am employed in San Francisco County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 650 California Street, 20th Floor, San Francisco, California  94108.2693.  I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  On June 28, 2012, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**STIPULATED PROTECTIVE ORDER**

in a sealed envelope, postage fully paid, addressed as follows:

Norman Blumenthal, Esq.
Kyle R. Nordrehaug, Esq.
Aparajit Bhowmik, Esq.
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara
La Jolla, CA  92037

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 28, 2012, at San Francisco, California.

_Cindy Montague_
Cynthia K. Montague

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

Firmwide:111638641.1 051995.1048

# EXHIBIT G

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 1 6 2012

John A. Clarke, Executive Officer/Clerk

By R. Gilliland, Deputy

COPY

1  **BLUMENTHAL, NORDREHAUG & BHOWMIK**
   Norman B. Blumenthal (State Bar #068687)
2     Kyle R. Nordrehaug (State Bar #205975)
   Aparajit Bhowmik (State Bar #248066)
3     Piya Mukherjee (State Bar #274217)
   2255 Calle Clara
4     La Jolla, CA 92037
   Telephone: (858)551-1223
5     Facsimile: (858) 551-1232

6  Attorneys for Plaintiff

7

8

9

10          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11          **IN AND FOR THE COUNTY OF LOS ANGELES**

12

13

14  ISAAC CURRY, individually,        CASE No. **YC066168**

15           Plaintiff,     **STIPULATION AND [PROPOSED]**

16                    **ORDER FOR LEAVE FOR PLAINTIFF**
   vs.                     **TO FILE A FIRST AMENDED**

17                     **COMPLAINT**
   WELLS FARGO BANK, N.A.; and DOES 1
18     through 50 inclusive,     Judge: Hon. Laura C. Ellison
                          Dept.: "A"

19

20           Defendants.

21

22                          Date filed: December 22, 2011

23

24

25

26

27

28

      STIPULATION AND [PROPOSED] ORDER RE FIRST AMENDED COMPLAINT
                                     Case No.: YC066168

1        WHEREAS, Plaintiff seeks to file a First Amended Complaint, a copy of which is attached

2  hereto as Exhibit #1;

3        WHEREAS, Defendant does not oppose the filing of this proposed First Amended

4  Complaint;

5        WHEREAS, Defendant is not agreeing that there is any merit to the allegations set forth in

6  the First Amended Complaint, but rather is only agreeing that the First Amended Complaint may

7  be filed by Plaintiff;

8        NOW, THEREFORE, the parties hereby stipulate and agree as follows:

9        Plaintiff and Defendant, through their respective counsel of record, stipulate to Plaintiff's

10  filing the First Amended Complaint, attached hereto as Exhibit #1, as the operative Complaint, to

11  which Defendant shall have thirty (30) days to file a responsive pleading after the Court enters an

12  order allowing the filing of the First Amended Complaint pursuant to this stipulation.

13

14  Dated: _____, 2012      BLUMENTHAL, NORDREHAUG & BHOWMIK

15

16                       By: _____

17                            Aparajit Bhowmik
                              Attorneys for Plaintiff

18  Dated: _____, 2012      LITTLER MENDELSON, P.C.

19

20                       By: _____

21                            Mary D. Walsh
                              Attorneys for Defendant

22  IT IS SO ORDERED.

23  JUL 16 2012                    Judge Laura C. Ellison

24  Dated: _____, 2012      By: _____

25                            Honorable Laura C. Ellison
                       Judge of the Los Angeles County Superior Court

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT #1

1  **BLUMENTHAL, NORDREHAUG & BHOWMIK**
   Norman B. Blumenthal (State Bar #068687)
2  Kyle R. Nordrehaug (State Bar #205975)
   Aparajit Bhowmik (State Bar #248066)
3  2255 Calle Clara
   La Jolla, CA 92037
4  Telephone: (858)551-1223
   Facsimile: (858) 551-1232
5  Firmsite: www.bamlawca.com

6  Attorneys for Plaintiff

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 1 6 2012

John A. Clarke, Executive Officer/Clerk

By R. Gilliland, Deputy

7

8

9

10            **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

11            **IN AND FOR THE COUNTY OF LOS ANGELES**

12

13

14

| | |
|---|---|
| 15   ISAAC CURRY, individually, | CASE No. **YC066168** |
| 16                Plaintiff, | **FIRST AMENDED COMPLAINT FOR:** |
| 17   vs. | 1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200 *et seq.*; |
| 18   WELLS FARGO BANK, N.A.; and DOES 1 through 50 inclusive, | 2. FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF CAL. LAB. CODE §§ 510, 551, 552, 1194 AND 1198, *et seq.*; |
| 19 | 3. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226; |
| 20 | |
| 21                Defendants. | 4. RETALIATION IN VIOLATION OF FEHA (Cal. Govt. Code § 12940); |
| 22 | 5.   WRONGFUL TERMINATION; and, |
| 23 | 6.   VIOLATION OF FLSA, 29 USC 201, et seq. |
| 24 | |
| 25 | **DEMAND FOR A JURY TRIAL** |

26

27

28

FIRST AMENDED COMPLAINT
-1-

Plaintiff Isaac Curry ("PLAINTIFF"), an individual, alleges on information and belief, except for his own acts and knowledge, the following:

## THE PARTIES

1.      Defendant Wells Fargo Bank, N.A. is a diversified financial services company providing banking, insurance, investments, mortgage, and consumer and commercial finance through more than 10,000 stores and 12,000 ATMs and the Internet across North America and internationally. Wells Fargo Bank, N.A. hereinafter also referred to as "WELLS FARGO" or "DEFENDANT" employs more than 270,000 team members worldwide and has assets of $1.2 trillion as of 2010.

2.      According to DEFENDANT's website, the company is headquartered in San Francisco, California, and maintains the largest number of its banking, mortgage, and brokerage stores in California.  DEFENDANT is the industry's number one home mortgage lender and ranks first in the number of mortgage stores (2,400) operated nationwide.

3.      An employer's obligation to pay its employees wages is more than a matter of private concern between the parties.  That obligation is founded on a compelling public policy judgment that employees are entitled to work a livable number of hours at a livable wage.  In addition, statutes and regulations that compel employers to pay overtime relate to fundamental issues of social welfare worthy of protection.  The requirement to pay overtime wages extends beyond the benefits individual workers receive because overtime wages discourage employers from concentrating work in a few overburdened hands and encourage employers to instead hire additional employees. Especially in today's economic climate, the importance of spreading available work to reduce unemployment cannot be overestimated.

4.      As part of their business, WELLS FARGO employs a fleet of so called "Home Mortgage Consultants."  PLAINTIFF, as a Home Mortgage Consultant, was and is primarily engaged in the core, day-to-day business activities of WELLS FARGO.  The Home Mortgage Consultants sell mortgage loan products.  As a Home Mortgage Consultant, PLAINTIFF, in performing his sales duties, spends virtually all of his time working in a Wells Fargo office.

1   The primary tools PLAINTIFF employs in performing his sales function are the telephone and

2   the computer.  PLAINTIFF, since the inception of his employment with DEFENDANT, also

3   spends much of his time and energy engaged in the clerical tasks associated with loan

4   processing.

5          5.     As a result, the PLAINTIFF is and has been engaged in a type of work that

6   requires no exercise of independent judgment or discretion as to any matter of significance.

7   Therefore, the PLAINTIFF did not have duties or authority with regards to the management or

8   general business operations of DEFENDANT or DEFENDANT's clients and should therefore

9   have been properly classified as a non-exempt employee.

10         6.     Plaintiff Isaac Curry ("PLAINTIFF") has been employed by WELLS FARGO in

11  Culver City, California as a Home Mortgage Consultant from March of 2010 to May 22, 2012.

12         7.     The position of Home Mortgage Consultant was represented by WELLS FARGO

13  to the PLAINTIFF as an exempt and salaried position.  On or around May 26, 2011,

14  PLAINTIFF was reclassified as a non-exempt and hourly employee of DEFENDANT.  Over

15  the entire course of PLAINTIFF's employment with DEFENDANT, he has performed the same

16  job duties.  From the period of March of 2010 until on or around May 26, 2011 (the

17  "RELEVANT TIME PERIOD"), PLAINTIFF was classified as an exempt and salaried

18  employee.

19         8.     As defined by DEFENDANT's comprehensive corporate policies and

20  procedures, the duties that the PLAINTIFF primarily engaged in includes selling mortgage loan

21  products.  In addition, the PLAINTIFF is and was also engaged in clerical tasks and paperwork

22  associated with loan processing in accordance with DEFENDANT's established specific

23  procedures and protocols which govern and control every aspect of the work performed by the

24  PLAINTIFF as a Home Mortgage Consultant.  These standardized procedures mirror the

25  realities of the workplace evidencing a uniformity of work among the Home Mortgage

26  Consultants and negate any exercise of independent judgment and discretion as to any matter

27  of significance.

28

9.     The work schedule for PLAINTIFF was set by DEFENDANT.  Generally, during the RELEVANT TIME PERIOD while the PLAINTIFF was classified as an exempt employee, he worked approximately ten (10) hours each workday and approximately ten (10) hours of overtime each workweek.

10.     During the RELEVANT TIME PERIOD, DEFENDANT had not established an alternative workweek election for the PLAINTIFF for ten (10) to twelve (12) hour workdays.

11.     During the RELEVANT TIME PERIOD, PLAINTIFF was not provided with overtime compensation and other benefits for the overtime hours worked as required by law due to DEFENDANT's unsubstantiated classification of PLAINTIFF as "exempt" by DEFENDANT.

12.     As a matter of company policy, practice, and procedure, DEFENDANT had unlawfully, unfairly and/or deceptively classified PLAINTIFF as exempt, until on or around May 26, 2011, based on job title alone, failed to pay the required overtime compensation and otherwise failed to comply with all applicable labor laws with respect to PLAINTIFF.

13.     The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of Defendants DOES 1 through 50, inclusive, are presently unknown to the PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474.  The PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained.  PLAINTIFF is informed and believes, and based upon that information and belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

14.     The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendants are legally attributable to the other Defendants and

1  all Defendants are jointly and severally liable to the PLAINTIFF for the loss sustained as a

2  proximate result of the conduct of the Defendants' agents, servants and/or employees.

3

4  **THE CONDUCT**

5      15.     The primary duty required of the PLAINTIFF as a Home Mortgage Consultant

6  as defined by DEFENDANT was executed by the PLAINTIFF through the performance of non-

7  exempt labor within a defined skill set.

8      16.     Although the PLAINTIFF primarily performed non-exempt labor, DEFENDANT

9  instituted a blanket classification policy, practice and procedure by which the PLAINTIFF was

10  classified as exempt from overtime compensation.   By reason of this uniform exemption

11  practice, policy and procedure applicable to the PLAINTIFF, during the RELEVANT TIME

12  PERIOD, DEFENDANT committed acts of unfair competition in violation of the California

13  Unfair Competition law, Cal. Bus. & Prof. Code § 17200 (the "UCL"), by engaging in a

14  company-wide policy, practice and procedure which failed to properly classify the PLAINTIFF

15  and thereby failed to pay him overtime wages for documented overtime hours worked and

16  provide him with all legally required meal and rest breaks.   The proper classification of the

17  PLAINTIFF is DEFENDANT's burden.  As a result of DEFENDANT's intentional disregard

18  of the obligation to meet this burden, DEFENDANT failed to pay all required overtime

19  compensation for work performed by the PLAINTIFF and violated the California Labor Code

20  and regulations promulgated thereunder as herein alleged over the RELEVANT TIME

21  PERIOD. In addition, DEFENDANT failed to provide all of the legally required meal and rest

22  breaks to the PLAINTIFF as required by the applicable Wage Order and Labor Code.  On or

23  around May 26, 2011, DEFENDANT reclassified PLAINTIFF as a non-exempt and hourly

24  employee and began properly paying him for overtime wages and providing him all legally

25  required meal and rest breaks.

26      17.     DEFENDANT, as a matter of law, has the burden of proving that (a) employees

27  are properly classified as exempt and that (b) DEFENDANT otherwise complies with

28  applicable laws. Other than the initial classification of the PLAINTIFF as exempt from being

1  paid overtime based on job title alone, DEFENDANT had no business policy, practice, or

2  procedure to ensure that the PLAINTIFF was properly classified as exempt, and in fact, as a

3  matter of corporate policy erroneously and unilaterally classified the PLAINTIFF as exempt

4  based on job title alone.

5        18.    Over the course of his employment with DEFENDANT, including currently, the

6  PLAINTIFF has primarily performed non-exempt job duties, but during the RELEVANT TIME

7  PERIOD was nevertheless classified by DEFENDANT as exempt from overtime pay and

8  worked more than eight (8) hours a day, forty (40) hours a week, and/or on the seventh (7th)

9  consecutive day of a workweek.

10        19.    During the RELEVANT TIME PERIOD, PLAINTIFF was not primarily engaged

11  in work of a type that was directly related to the management or general business operations of

12  the employer's customers, when giving these words a fair but narrow construction.

13  PLAINTIFF was also not primarily engaged in work of a type that was performed at the level

14  of the policy or management of DEFENDANT.  PLAINTIFF was also not primarily engaged

15  in work requiring knowledge of an advanced type in a field or science or learning customarily

16  acquired by a prolonged course of specialized intellectual instruction and study, but rather his

17  work primarily involved the performance of routine clerical activities.  The work of a Home

18  Mortgage Consultant of DEFENDANT is work wherein the PLAINTIFF was and is primarily

19  engaged in the day-to-day business of WELLS FARGO.  The Home Mortgage Consultants sell

20  mortgage loan products.  In addition, the PLAINTIFF was also engaged in clerical tasks, and

21  paperwork associated with loan processing.

22        20.    The fact that the work of the PLAINTIFF may have involved work using a

23  specialized skill set or technical abilities in a defined technical area does not mean that the

24  PLAINTIFF is exempt from overtime wages.  Indeed, the exercise of discretion and

25  independent judgment must be more than the use of a highly technical skill set described in a

26  manual or other sources.  The work that the PLAINTIFF was primarily engaged in is the work

27  that is required to be performed as part of the day-to-day-business activity of DEFENDANT.

28  As a result, the PLAINTIFF was primarily engaged in work that falls on the production or the

1  non-exempt administrative sale side of the administrative/production worker dichotomy and

2  should have been properly classified as a non-exempt employee.

3       21.    PLAINTIFF was classified as exempt from California overtime and related laws

4  by DEFENDANT during the RELEVANT TIME PERIOD, however, he did not have

5  managerial duties or authority. Furthermore, the PLAINTIFF, as a Home Mortgage Consultant,

6  was, and currently continues to be, tightly controlled by company policy and by his supervisors,

7  did not exercise discretion or independent judgment as to matters of significance, and his job

8  duties were not directly related to DEFENDANT's management policies or general business

9  operation.

10       22.    During the RELEVANT TIME PERIOD, PLAINTIFF was classified and treated

11  by DEFENDANT as exempt.  During that time, DEFENDANT failed to take the proper steps

12  to determine whether the PLAINTIFF was properly classified under the applicable Industrial

13  Welfare Commission Wage Order (Wage Order 4-2001) and Cal. Lab. Code §§ 510, *et seq.* as

14  exempt from applicable California labor laws.  Since DEFENDANT had, prior to May 26,

15  2011, affirmatively and wilfully misclassified the PLAINTIFF in compliance with California

16  labor laws, DEFENDANT's practices violated California law.  In addition, DEFENDANT

17  acted deceptively by falsely and fraudulently telling the PLAINTIFF that he was exempt from

18  overtime pay when DEFENDANT knew or should have known that this statement was false and

19  not based on known facts. DEFENDANT also acted unfairly by violating the California labor

20  laws, and as a result of this policy and practice, DEFENDANT also violated the UCL. In doing

21  so, DEFENDANT cheated the competition by paying the PLAINTIFF less than the amount

22  competitors paid who complied with the law and cheated the PLAINTIFF by not paying him

23  in accordance with California law.  In addition, DEFENDANT failed to provide all of the

24  legally required meal and rest breaks to the PLAINTIFF as required by the applicable Wage

25  Order and Labor Code. During the RELEVANT TIME PERIOD, DEFENDANT did not have

26  a policy or practice which provided meal and rest breaks to the PLAINTIFF.  As a result,

27  DEFENDANT's failure to provide the PLAINTIFF with all legally required meal and rest

28  breaks is evidenced by DEFENDANT's business records which contain no record of these

1  breaks.

2      23.    DEFENDANT, during the RELEVANT TIME PERIOD, also failed to provide

3  the PLAINTIFF with a wage statement in writing that accurately sets forth gross wages earned,

4  all applicable hourly rates in effect during the pay period and the corresponding number of

5  hours worked at each hourly rate by the PLAINTIFF. This conduct violated California Labor

6  Code § 226.  The pay stubs also did not accurately display anywhere the PLAINTIFF's

7  overtime hours and applicable rates of overtime pay for the pay period.

8      24.    By reason of this conduct applicable to the PLAINTIFF, during the RELEVANT

9  TIME PERIOD, DEFENDANT committed acts of unfair competition in violation of the

10  California Unfair Competition law, Cal. Bus. & Prof. Code § 17200 (the "UCL"), by engaging

11  in a company-wide policy and procedure which failed to correctly classify the PLAINTIFF as

12  non-exempt. The proper classification of PLAINTIFF is DEFENDANT's burden. As a result

13  of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT

14  failed to properly calculate and/or pay all required overtime compensation for work performed

15  by the PLAINTIFF and violated the applicable Wage Order, the California Labor Code and the

16  regulations promulgated thereunder as herein alleged during the RELEVANT TIME PERIOD.

17

18                          **JURISDICTION AND VENUE**

19      25.    This Court has jurisdiction over this action pursuant to Cal. Code of Civ. Proc.

20  § 410.10, Cal. Business & Professions Code §17203, and the California Family Care and

21  Medical Leave Act, California Government Code § 12945.2 et seq..

22      26.    Venue is proper in this County pursuant to Cal. Code of Civ. Proc. §§ 395 and

23  395.5, because PLAINTIFF resides in this County and WELLS FARGO (i) currently maintains

24  and at all relevant times maintained offices and facilities in this County and/or conducts

25  substantial business in this County, and (ii) committed the wrongful conduct herein alleged in

26  this County against PLAINTIFF.

27      27.    PLAINTIFF received a right to sue from DFEH at the time of the filing of his

28  charge of retaliation on June 13, 2012.

**FIRST CAUSE OF ACTION**

For Unlawful Business Practices

[Cal. Bus. And Prof. Code § 17200 *et seq.*]

(By PLAINTIFF Against All Defendants)

28.   PLAINTIFF realleges and incorporates by this reference, as though fully set forth herein, paragraphs 1 through 27 of this Complaint.

29.   DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

30.   California Business & Professions Code § 17200 *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

California Business & Professions Code § 17203.

31.   By the conduct alleged herein, during the RELEVANT TIME PERIOD, DEFENDANT had engaged in a business practice which violated California law, including but not limited to, Wage Order 4-2001, the California Code of Regulations, and the California Labor Code Sections 226(a), 226.7, 510, 1194 & 1198, and for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

32.   By the conduct alleged herein, DEFENDANT's practices during the RELEVANT TIME PERIOD were unlawful and unfair in that these practices violated public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue

1  equitable and injunctive relief pursuant to Section 17203 of the California Business &

2  Professions Code, including restitution of wages wrongfully withheld.

3      33.    By the conduct alleged herein, DEFENDANT's practices during the

4  RELEVANT TIME PERIOD were deceptive and fraudulent in that DEFENDANT's uniform

5  policy and practice was to represent to PLAINTIFF that he was exempt from overtime pay

6  when in fact these representations were false and likely to deceive, for which this Court should

7  issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including

8  restitution of wages wrongfully withheld.

9      34.    By the conduct alleged herein, DEFENDANT's practices during the

10  RELEVANT TIME PERIOD were also unlawful, unfair and deceptive in that DEFENDANT's

11  employment practices caused the PLAINTIFF to be underpaid during his employment with

12  DEFENDANT.

13      35.    By and through the unlawful and unfair business practices described herein,

14  during the RELEVANT TIME PERIOD, DEFENDANT had obtained valuable property, money

15  and services from the PLAINTIFF and had deprived PLAINTIFF of valuable rights and benefits

16  guaranteed by law and contract, all to the detriment of PLAINTIFF and to the benefit of

17  DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who

18  comply with the law.

19      36.    All the acts described herein as violations of, among other things, the California

20  Labor Code, California Code of Regulations, the Industrial Welfare Commission Wage Orders,

21  and the related opinions of the Department of Labor, were unlawful, were in violation of public

22  policy, were immoral, unethical, oppressive, and unscrupulous, and were likely to deceive the

23  PLAINTIFF, as herein alleged, and thereby constitute deceptive, unfair and unlawful business

24  practices in violation of Cal. Bus. and Prof. Code § 17200 *et seq.*

25      37.    PLAINTIFF is entitled to, and does, seek such relief as may be necessary to

26  restore to PLAINTIFF the money and property which DEFENDANT has acquired, or of which

27  the PLAINTIFF has been deprived, by means of the above described unlawful and unfair

28  business practices, including earned but unpaid wages for all hours worked.

38.     Throughout the RELEVANT TIME PERIOD, it was also DEFENDANT's uniform policy and practice to not provide all legally required meal and rest breaks to the PLAINTIFF.  During the RELEVANT TIME PERIOD, DEFENDANT failed to provide any compensated work time for failing to provide such breaks to the PLAINTIFF.

39.     Therefore, the PLAINTIFF demands on behalf of himself, one (1) hour of pay for each workday in which a meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second meal period was not timely provided for each ten (10) hours of work.

40.     PLAINTIFF further demands on behalf of himself, one (1) hour of pay for each workday in which a rest period was not timely provided as required by law.

41.     PLAINTIFF is further entitled to, and does, seek a declaration that the described business practices are unlawful, unfair and deceptive.

42.     As a result of the unlawful and unfair business practices described herein during the RELEVANT TIME PERIOD, the PLAINTIFF has suffered irreparable legal and economic harm as a result of DEFENDANT's unlawful and unfair business practices.

## SECOND CAUSE OF ACTION

### For Failure To Pay Overtime Compensation

### [Cal. Lab. Code §§ 510, 551, 552, 1194 and 1198]

### (By PLAINTIFF Against All Defendants)

43.     PLAINTIFF realleges and incorporates by this reference, as though fully set forth herein, paragraphs 1 through 42 of this Complaint.

44.     Cal. Lab. Code § 510 states in relevant part:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate

1        of pay of an employee.

2        45.    Cal. Lab. Code § 551 states that, "Every person employed in any occupation of

3    labor is entitled to one day's rest therefrom in seven."

4        46.    Cal. Lab. Code § 552 states that, "No employer of labor shall cause his

5    employees to work more than six days in seven."

6        47.    Cal. Lab. Code § 515(d) provides: "For the purpose of computing the overtime

7    rate of compensation required to be paid to a nonexempt full-time salaried employee, the

8    employee's regular hourly rate shall be 1/40th of the employee's weekly salary."

9        48.    Cal. Lab. Code § 1194 states:

10           Notwithstanding any agreement to work for a lesser wage, any employee
             receiving less than the legal minimum wage or the legal overtime compensation
11           applicable to the employee is entitled to recover in a civil action the unpaid
             balance of the full amount of this minimum wage or overtime compensation,
12           including interest thereon, reasonable attorney's fees, and costs of suit.

13       49.    Cal. Lab. Code § 1198 provides: "The maximum hours of work and the

14   standard conditions of labor fixed by the commission shall be the maximum hours of work and

15   the standard conditions of labor for employees. The employment of any employee for longer

16   hours than those fixed by the order or under conditions of labor prohibited by the order is

17   unlawful."

18       50.    During the RELEVANT TIME PERIOD, DEFENDANT had intentionally and

19   uniformly designated certain employees as "exempt" employees, by their job title and without

20   regard to DEFENDANT's realistic expectations and actual overall requirements of the job,

21   including the PLAINTIFF who worked on the production side of DEFENDANT's business.

22   This was done in an illegal attempt to avoid payment of overtime wages and other benefits in

23   violation of the California Labor Code and Industrial Welfare Commission requirements.

24       51.    For an employee to be exempt as a bona fide "executive," all the following

25   criteria must be met and DEFENDANT has the burden of proving that:

26       (a)    The employee's primary duty must be management of the enterprise, or of a

27              customarily recognized department or subdivision; and,

28

1        (b)    The employee must customarily and regularly direct the work of at least two (2)

2                or more other employees; and,

3        (c)    The employee must have the authority to hire and fire, or to command

4                particularly serious attention to his or her recommendations on such actions

5                affecting other employees; and,

6        (d)    The employee must customarily and regularly exercise discretion and

7                independent judgment; and,

8        (e)    The employee must be primarily engaged in duties which meet the test of

9                exemption.

10   PLAINTIFF was not an executive because PLAINTIFF failed and continues to fail to meet the

11   requirements of being an "executive" within the meaning of the applicable Wage Order.

12       52.    For an employee to be exempt as a bona fide "administrator," all of the

13   following criteria must be met and DEFENDANT has the burden of proving that:

14       (a)    The employee must perform office or non-manual work directly related to

15               management policies or general business operation of the employer; and,

16       (b)    The employee must customarily and regularly exercise discretion and

17               independent judgment; and,

18       (c)    The employee must regularly and directly assist a proprietor or an exempt

19               administrator; or,

20       (d)    The employee must perform, under only general supervision, work requiring

21               special training, experience, or knowledge, or,

22       (e)    The employee must execute special assignments and tasks under only general

23               supervision; and,

24       (f)    The employee must be primarily engaged in duties which meet the test of

25               exemption.

26   PLAINTIFF was not an administrator because PLAINTIFF failed to meet the requirements for

27   being an "administrator" under the applicable Wage Order.

28

53.     The Industrial Welfare Commission, in Wage Order 4-2001, at section (1)(A)(3), and Labor Code § 515 also set forth the requirements which must be complied with to place an employee in the "professional" exempt category.  For an employee to be exempt as a bona fide "professional," all the following criteria must be met and DEFENDANT has the burden of proving that:

      (a)     The employee is primarily engaged in an occupation commonly recognized as a learned or artistic profession.  For the purposes of this subsection, "learned or artistic profession" means an employee who is primarily engaged in the performance of:

           1)     Work requiring knowledge of an advanced type in a field or science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual, or physical processes, or work that is an essential part or necessarily incident to any of the above work; or,

           2)     Work that is original and creative in character in a recognized field of artistic endeavor, and the result of which depends primarily on the invention, imagination or talent of the employee or work that is an essential part of or incident to any of the above work; and,

           3)     Whose work is predominately intellectual and varied in character (as opposed to routine mental, manual, mechanical, or physical work) and is of such character cannot be standardized in relation to a given period of time.

      (b)     The employee must customarily and regularly exercise discretion and independent judgment; and,

      (c)     The employee earns a monthly salary equivalent to no less than two (2) times the

1    state minimum wage for full-time employment.

2    PLAINTIFF was not a professional because PLAINTIFF failed to meet the requirements of

3    being a "professional" within the meaning of the applicable Wage Order.

4        54.    PLAINTIFF does not fit the definition of an exempt executive, administrative,

5    or professional employee because:

6        (a)    PLAINTIFF did not work as an executive or administrator; and,

7        (b)    The professional exemption does not apply to the PLAINTIFF because

8               PLAINTIFF did not meet all the applicable requirements to work under the

9               professional exemption for the reasons set forth above in this Complaint.

10       55.    The PLAINTIFF worked more than eight (8) hours in a workday, forty (40) hours

11   in a workweek, and/or worked on the seventh (7th) consecutive day of a workweek.

12       56.    During the RELEVANT TIME PERIOD, DEFENDANT failed to pay the

13   PLAINTIFF overtime compensation for the hours PLAINTIFF worked in excess of the

14   maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198, even

15   though the PLAINTIFF was regularly required to work, and did in fact work, overtime hours.

16       57.    By virtue of DEFENDANT's unlawful failure to pay additional compensation

17   to the PLAINTIFF for PLAINTIFF's overtime hours during the RELEVANT TIME PERIOD,

18   the PLAINTIFF has suffered an economic injury in amounts which are presently unknown to

19   PLAINTIFF and which will be ascertained according to proof at trial.

20       58.    DEFENDANT knew or should have known that during the RELEVANT TIME

21   PERIOD the PLAINTIFF was misclassified as exempt and DEFENDANT systematically

22   elected, either through intentional malfeasance or gross nonfeasance, not to pay PLAINTIFF

23   for PLAINTIFF's overtime labor as a matter of uniform corporate policy, practice and

24   procedure.

25       59.    Therefore, the PLAINTIFF requests recovery of overtime compensation

26   according to proof, interest, costs, as well as the assessment of any statutory penalties against

27   DEFENDANT, in a sum as provided by the California Labor Code and/or other statutes.

28       60.    In performing the acts and practices herein alleged·in violation of labor laws

and refusing to provide the requisite overtime compensation, during the RELEVANT TIME PERIOD, DEFENDANT acted intentionally, oppressively, and maliciously toward the PLAINTIFF with a conscious and utter disregard of PLAINTIFF's legal rights, or the consequences to PLAINTIFF, and with the despicable intent of depriving PLAINTIFF of his property and legal rights and otherwise causing PLAINTIFF injury in order to increase corporate profits at the expense of the PLAINTIFF.

## THIRD CAUSE OF ACTION

### For Failure to Provide Accurate Itemized Statements

### [Cal. Lab. Code § 226]

### (By PLAINTIFF Against All Defendants)

61.    PLAINTIFF realleges and incorporates by this reference, as though fully set forth herein, paragraphs 1 through 60 of this Complaint.

62.    Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an

1    employee identification number other than a social security number may be shown on

2    the itemized statement,

3    (8) the name and address of the legal entity that is the employer, and

4    (9) all applicable hourly rates in effect during the pay period and the corresponding

5    number of hours worked at each hourly rate by the employee.

6    63.    During the RELEVANT TIME PERIOD, DEFENDANT violated Labor Code

7    § 226 in that DEFENDANT failed to provide an accurate wage statement in writing that

8    properly and accurately itemized the number of hours worked by the PLAINTIFF at the

9    effective regular rates of pay and the effective overtime rates of pay.

10    64.    DEFENDANT knowingly and intentionally failed to comply with Labor Code

11    § 226, causing damages to the PLAINTIFF. These damages include, but are not limited to,

12    costs expended calculating the true hours worked and the amount of employment taxes which

13    were not properly paid to state and federal tax authorities. These damages are difficult to

14    estimate. Therefore, the PLAINTIFF may elect to recover liquidated damages of $50.00 for the

15    initial pay period in which the violation occurred, and $100.00 for each violation in subsequent

16    pay period pursuant to Labor Code § 226, in an amount according to proof at the time of trial

17    (but in no event more than $4,000.00 for the PLAINTIFF).

18

19                          **FOURTH CAUSE OF ACTION**

20              **Violation of the California Family Rights Act ("CFRA")**

21                     **[Cal. Govt. Code § 12945.2 et. seq.]**

22                   **(By PLAINTIFF Against All Defendants)**

23    65.    PLAINTIFF realleges and incorporates by this reference, as though fully set forth

24    herein, paragraphs 1 through 64 of this Complaint.

25    66.    DEFENDANT is an employer covered by the CFRA.

26    67.    PLAINTIFF is an employee who has more than 12 months of service with the

27    DEFENDANT and at least 1,250.00 hours of service with the DEFENDANT during the 12

28    months of employment prior to taking family leave.

68.     PLAINTIFF began his leave on or about April 15, 2012 to care for his ailing mother who had a stroke in October of 2011.  PLAINTIFF provided notice to DEFENDANT that he was seeking leave for this purpose by providing DEFENDANT with an Intermittent Request Form.  The leave was taken by PLAINTIFF to provide care and support for the serious medical condition suffered by PLAINTIFF'S mother.

69.     While PLAINTIFF was on lawfully protected family care and medical leave, DEFENDANT notified PLAINTIFF that his leave was not approved because additional information was needed to complete the Intermittent Request Form.  PLAINTIFF made his best efforts to complete the information by contacting his mother's attending physician repeatedly.  PLAINTIFF informed DEFENDANT that additional time was needed to provide the information because the attending physician had not responded to PLAINTIFF'S repeated requests for information.  PLAINTIFF also provided DEFENDANT with the name and contact information of the attending physician.

70.     DEFENDANT unlawfully indicated refusal to establish PLAINTIFF'S right to take protected leave and terminated PLAINTIFF'S employment on or about May 22, 2012.  Such acts which terminated PLAINTIFF'S employment and discharge of PLAINTIFF constitutes unlawful discrimination against PLAINTIFF for his exercise of his right to family care and medical leave.

71.     DEFENDANT committed the acts described in this complaint oppressively, fraudulently, and maliciously, entitling PLAINTIFF to an award of punitive damages against DEFENDANT in an amount appropriate to punish and make an example of DEFENDANT.  Wherefore, PLAINTIFF prays for damages as further set forth below.

### FIFTH CAUSE OF ACTION

#### Wrongful Termination

#### (By PLAINTIFF Against All Defendants)

72.     PLAINTIFF realleges and incorporates by this reference, as though fully set forth herein, paragraphs 1 through 71 of this Complaint.

1    73.    California has established a substantial and fundamental public policy against

2    harassment and discrimination on the basis of the exercise of the lawfully protected activity of

3    taking unpaid, leave of absence to care for family members. This policy is partially reflected

4    in statutory form in legislation including; *inter alia*, the Fair Employment and Housing Act

5    Government Code § 12900 *et. seq.* These policies are further supported by the case law

6    interpreting these statutes.

7    74.    PLAINTIFF was involuntarily terminated by DEFENDANT on May 22, 2012

8    in retaliation for PLAINTIFF'S exercising his right to take unpaid leave to care for the serious

9    medical condition suffered by PLAINTIFF'S ailing mother.

10   75.    DEFENDANT unlawfully subjected PLAINTIFF to an adverse employment sct

11   by terminating his employment because of his exercise of his right to CFRA leave.  As a result

12   of DEFENDANTS' willful, knowing, and intentional termination of PLAINTIFF in violation

13   of public policy, he has sustained various damages both economic and noneconomic, including

14   *inter alia* loss of earnings, loss of benefits, and emotional distress, all subject to proof at trial.

15   76.    DEFENDANT'S actions alleged herein, and in violation of Govt. Code § 12940,

16   were oppressive, malicious, and/or fraudulent as defined in Civil Code § 3294. Accordingly,

17   PLAINTIFF also requests the award of punitive damages in an amount sufficient to deter

18   Defendants from engaging in similar future behavior, according to proof at trial.

19

20   ### SIXTH CAUSE OF ACTION

21   **Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA")**

22   **(By PLAINTIFF against DEFENDANT)**

23   77.    PLAINTIFF, realleges and  incorporates by this reference, as though fully set

24   forth herein, paragraphs 1 through 76 of this Complaint.

25   78.    DEFENDANT is engaged in communication, business, and transmission between

26   the states, and is, therefore, engaged in commerce within the meaning of 29 U.S.C. § 203(b).

27   79.    29 U.S.C. § 255 provides that a three-year statute of limitations applies to willful

28   violations of the FLSA.

80.   29 U.S.C. § 207(a)(1) provides in pertinent part:

Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

81.   Section 213(a)(1) of the FLSA provides that the overtime pay requirement does not apply to:

any employee employed in a bona fide executive, administrative, or professional capacity (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary schools), or in the capacity of outside salesman (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of the Administrative Procedure Act [5 USCS §§ 551 et seq.] except [that] an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his workweek which he devotes to activities not directly or closely related to the performance of executive or administrative activities, if less than 40 per centum of his hours worked in the workweek are devoted to such activities).

82.   DEFENDANT has willfully engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed above, by uniformly designating certain employees as "exempt" employees, by their job title and without regard to DEFENDANT's realistic expectations and actual overall requirements of the job, including the PLAINTIFF who worked on the production side of DEFENDANT's business enterprise.  This was done in an illegal attempt to avoid payment of overtime wages and other benefits in violation of the FLSA and Code of Federal Regulations requirements.

83.   Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, the PLAINTIFF is entitled to overtime compensation for all overtime hours actually worked, at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek.  DEFENDANT's failure to pay overtime wages as required by federal law was willful and not in good faith.

84.   29 C.F.R. 541.2 establishes that a job title alone is insufficient to establish the exempt status of an employee.  The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the

1   requirements of the regulations in this part.

2       85.   The exemptions of the FLSA as listed in section 13(a), and as explained by 29

3   C.F.R. 541.3, do not apply to the PLAINTIFF because their work consists of non-management,

4   production line labor performed with skills and knowledge acquired from on-the-job training,

5   rather than from the prolonged course of specialized intellectual instruction required for exempt

6   learned professional employees such as medical doctors, architects and archeologists. Plaintiff

7   did not hold an advanced degree, have not taken any prolonged course of specialization, and/or

8   have attained the vast majority of the skills they use as employees of DEFENDANT from on-

9   the-job training.

10       86.   For an employee to be exempt as a bona fide "commissioned salesperson," all

11   the following criteria must be met and DEFENDANT has the burden of proving that:

12       (a)   The employee's primary duty must be making sales as defined to include any

13           sale, exchange, contract to sell, consignment sale, shipment for sale, or other

14           disposition; or

15       (b)   The employee must obtain orders or contracts for services or for the use of

16           facilities for which a consideration will be paid by the client or customer; and,

17       (c)   The employee's earnings must be exceed one and one-half times the minimum

18           wage; and,

19       (d)   The employee must earn more than half of their income from bona fide sales

20           commissions; and,

21       (e)   The employee must be primarily engaged in duties which meet the test of

22           exemption.

23   PLAINTIFF was not an inside salesperson because he fails to meet the requirements of being

24   an "commissioned salesperson" within the meaning of the applicable Wage Order.

25       87.   For an employee to be exempt as a bona fide "outside salesperson," all the

26   following criteria must be met and DEFENDANT has the burden of proving that:

27       (a)   The employee's primary duty must be making sales as defined to include any

28           sale, exchange, contract to sell, consignment sale, shipment for sale, or other

1    disposition; or

2    (b)    The employee must obtain orders or contracts for services or for the use of

3    facilities for which a consideration will be paid by the client or customer; and,

4    (c)    The employee must customarily and regularly spend more than half the work

5    time away from the employer's place of business engaged in sales-related

6    activity; and,

7    (d)    The employee must be primarily engaged in duties which meet the test of

8    exemption.

9    PLAINTIFF is not an outside salesperson because he fails to meet the requirements of being

10   an "outside salesperson" within the meaning of the applicable Wage Order.

11   88.    For an employee to be exempt as a bona fide "executive," all the following

12   criteria must be met and DEFENDANT has the burden of proving that:

13   (a)    The employee's primary duty must be management of the enterprise, or of a

14   customarily recognized department or subdivision;

15   (b)    The employee must customarily and regularly direct the work of at least two (2)

16   or more other employees;

17   (c)    The employee must have the authority to hire and fire, or to command

18   particularly serious attention to his or her recommendations on such actions

19   affecting other employees; and,

20   (d)    The employee must be primarily engaged in duties which meet the test of

21   exemption.

22   PLAINTIFF was not an executive because he fails to meet the requirements of being an

23   "executive " under section 13 of the FLSA and 29 C.F.R. 541.100. Moreover, PLAINTIFF did

24   not manage the work of two or more other employees in a customarily recognized department

25   or subdivision of the employer, and whose recommendations as to the hiring, firing,

26   advancement, promotion or other change of status of the other employees were given particular

27   weight and therefore, he does not qualify for the executive exemption.

28   89.    For an employee to be exempt as a bona fide "administrator," all of the following

1  criteria must be met and DEFENDANT has the burden of proving that:

2      (a)   The employee must perform office or non-manual work directly related to

3          management or general business operation of the employer or the employer's

4          customers;

5      (b)   The employee must customarily and regularly exercise discretion and

6          independent

7          judgment with respect to matters of significance; and,

8      (c)   The employee must regularly and directly assist a proprietor or an exempt

9          administrator; or,

10      (d)   The employee must perform under only general supervision, work requiring

11          special training, experience, or knowledge; and,

12      (e)   The employee must be primarily engaged in duties which meet the test of

13          exemption.

14  PLAINTIFF is not an administrator because he fails to meet the requirements of for being an

15  "administrator" under section 13(a) of the FLSA and 29 C.F.R. 541.300.

16      90.   For an employee to be exempt as a bona fide "professional", DEFENDANT has

17  the burden of proving that the primary duty of the employee is the performance of work that:

18      (a)   Requires knowledge of an advanced type in a field of science or learning

19          customarily acquired by a prolonged course of specialized intellectual instruction;

20          or

21      (b)   Requires invention, imagination, originality or talent in a recognized field of

22          artistic or creative endeavor.

23  PLAINTIFF is not a professional because he fails to meet the requirements of being an

24  "professional" within the meaning of 29 CFR 541.300.  Further, PLAINTIFF operated under

25  intense scrutiny from management and are strictly dictated by written guidelines and

26  standardized procedures.

27      91.   PLAINTIFF, worked more than forty (40) hours in a workweek.  At all relevant

28  times while PLAINTIFF was classified as exempt, DEFENDANT failed to pay the PLAINTIFF

overtime compensation for the hours he have worked in excess of the maximum hours permissible by law as required by section 207 of the FLSA, even though the PLAINTIFF was regularly required to work, and did in fact work, overtime hours.

92.     For purposes of the Fair Labor Standards Act, the employment practices of DEFENDANT were and are uniform throughout the United States in all respects material to the claims asserted in this Complaint.

93.     There are no other exemptions applicable to the PLAINTIFF.

94.     As a result of DEFENDANT's failure to pay overtime compensation for overtime hours worked, as required by the FLSA, the PLAINTIFF was damaged in an amount to be proved at trial.

95.     Therefore, the PLAINTIFF demands that he be paid overtime compensation as required by the FLSA for every hour of overtime worked in any workweek for which he was not compensated, plus interest and statutory costs as provided by law.

**PRAYER FOR RELIEF**

WHEREFOR, the PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.     On the UCL claim:

    A)     An order requiring DEFENDANT to correctly calculate and pay all wages and all sums unlawfuly withheld from compensation due to the PLAINTIFF; and,

    B)     Restitutionary disgorgement of DEFENDANT's ill-gotten gains for restitution of the sums incidental to DEFENDANT's violations due to the PLAINTIFF; and,

2.     On the California Labor Code claims:

    A)     Compensatory damages, according to proof at trial, including compensatory damages for overtime compensation due to the PLAINTIFF plus interest thereon at the statutory rate; and,

    B)     The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand

1               dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226.

2    4.      On all claims:

3           A)      An award of interest, including prejudgment interest at the legal rate;

4           B)      Such other and further relief as the Court deems just and equitable; and,

5           C)      An award of penalties and cost of suit, but neither this prayer nor any other

6                allegation or prayer in this Complaint is to be construed as a request, under any

7                circumstance, that would result in a request for attorneys' fees under Cal. Lab.

8                Code § 218.5.

9    5.      On Retaliation and Wrongful Termination Claim

10         A)      Compensatory damages, according to proof at trial, but in excess of $25,000.

11         B)      For punitive damages in an amount necessary to make an example of and to

12             punish DEFENDANT and deter DEFENDANT from engaging in future similar

13             conduct;

14         C)      For loss of earnings (both past and future);

15         D)      For interest at the legal rate in an amount according to proof;

16    6.      On the FLSA Claim

17         A)      That the PLAINTIFF recover compensatory damages and an equal amount of

18    liquidated damages as provided under the law and in 29 U.S.C. § 216(b).

19

20    Dated:      _____, 2012      BLUMENTHAL, NORDREHAUG & BHOWMIK

21

22                         By: _____

23                            Norman B. Blumenthal
                              Attorneys for Plaintiff

24

25

26

27

28

## DEMAND FOR JURY TRIAL

PLAINTIFF demands a jury trial on issues triable to a jury.

Dated: _____, 2012     BLUMENTHAL, NORDREHAUG & BHOWMIK

By:_____
        Norman B. Blumenthal
        Attorneys for Plaintiff

K:\D\Dropbox\Pending Litigation\Wells Fargo - Curry\d-FAC.wpd

# EXHIBIT H

1   **BLUMENTHAL, NORDREHAUG & BHOWMIK**
    Norman B. Blumenthal (State Bar #068687)
2   Kyle R. Nordrehaug (State Bar #205975)
    Aparajit Bhowmik (State Bar #248066)
3   2255 Calle Clara
    La Jolla, CA 92037
4   Telephone: (858)551-1223
    Facsimile: (858) 551-1232
5   Firmsite: www.bamlawca.com

6   Attorneys for Plaintiff

7

8

9

10            **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

11               **IN AND FOR THE COUNTY OF LOS ANGELES**

12

13

14

15   ISAAC CURRY, individually,          CASE No. **YC066168**

16                                       **FIRST AMENDED COMPLAINT FOR:**
                    Plaintiff,
17                                       1. UNFAIR COMPETITION IN
     vs.                                 VIOLATION OF CAL. BUS. & PROF.
18                                       CODE § 17200 *et seq.*;
     WELLS FARGO BANK, N.A.; and         2. FAILURE TO PAY OVERTIME
19   DOES 1 through 50 inclusive,        COMPENSATION IN VIOLATION OF
                                         CAL. LAB. CODE §§ 510, 551, 552, 1194
20                                       AND 1198, *et seq.*;
                                         3. FAILURE TO PROVIDE ACCURATE
21                  Defendants.          ITEMIZED STATEMENTS IN
                                         VIOLATION OF CAL. LAB. CODE §
22                                       226;
                                         4. RETALIATION IN VIOLATION OF
23                                       FEHA (Cal. Govt. Code § 12940);
                                         5.  WRONGFUL TERMINATION; and,
24                                       6. VIOLATION OF FLSA, 29 USC 201, et
                                         seq.
25
                                         **DEMAND FOR A JURY TRIAL**
26

27

28

1    Plaintiff Isaac Curry ("PLAINTIFF"), an individual, alleges on information and belief,

2    except for his own acts and knowledge, the following:

3

4                                    **THE PARTIES**

5        1.      Defendant Wells Fargo Bank, N.A. is a diversified financial services company

6    providing banking, insurance, investments, mortgage, and consumer and commercial finance

7    through more than 10,000 stores and 12,000 ATMs and the Internet across North America and

8    internationally. Wells Fargo Bank, N.A. hereinafter also referred to as "WELLS FARGO" or

9    "DEFENDANT" employs more than 270,000 team members worldwide and has assets of $1.2

10   trillion as of 2010.

11       2.      According to DEFENDANT's website, the company is headquartered in San

12   Francisco, California, and maintains the largest number of its banking, mortgage, and brokerage

13   stores in California.  DEFENDANT is the industry's number one home mortgage lender and

14   ranks first in the number of mortgage stores (2,400) operated nationwide.

15       3.      An employer's obligation to pay its employees wages is more than a matter of

16   private concern between the parties.  That obligation is founded on a compelling public policy

17   judgment that employees are entitled to work a livable number of hours at a livable wage.  In

18   addition, statutes and regulations that compel employers to pay overtime relate to fundamental

19   issues of social welfare worthy of protection.  The requirement to pay overtime wages extends

20   beyond the benefits individual workers receive because overtime wages discourage employers

21   from concentrating work in a few overburdened hands and encourage employers to instead hire

22   additional employees. Especially in today's economic climate, the importance of spreading

23   available work to reduce unemployment cannot be overestimated.

24       4.      As part of their business, WELLS FARGO employs a fleet of so called "Home

25   Mortgage Consultants."  PLAINTIFF, as a Home Mortgage Consultant, was and is primarily

26   engaged in the core, day-to-day business activities of WELLS FARGO. The Home Mortgage

27   Consultants sell mortgage loan products.  As a Home Mortgage Consultant, PLAINTIFF, in

28   performing his sales duties, spends virtually all of his time working in a Wells Fargo office.

1   The primary tools PLAINTIFF employs in performing his sales function are the telephone and

2   the computer.  PLAINTIFF, since the inception of his employment with DEFENDANT, also

3   spends much of his time and energy engaged in the clerical tasks associated with loan

4   processing.

5         5.      As a result, the PLAINTIFF is and has been engaged in a type of work that

6   requires no exercise of independent judgment or discretion as to any matter of significance.

7   Therefore, the PLAINTIFF did not have duties or authority with regards to the management or

8   general business operations of DEFENDANT or DEFENDANT's clients and should therefore

9   have been properly classified as a non-exempt employee.

10        6.      Plaintiff Isaac Curry ("PLAINTIFF") has been employed by WELLS FARGO in

11  Culver City, California as a Home Mortgage Consultant from March of 2010 to May 22, 2012.

12        7.      The position of Home Mortgage Consultant was represented by WELLS FARGO

13  to the PLAINTIFF as an exempt and salaried position.  On or around May 26, 2011,

14  PLAINTIFF was reclassified as a non-exempt and hourly employee of DEFENDANT.  Over

15  the entire course of PLAINTIFF's employment with DEFENDANT, he has performed the same

16  job duties.  From the period of March of 2010 until on or around May 26, 2011 (the

17  "RELEVANT TIME PERIOD"), PLAINTIFF was classified as an exempt and salaried

18  employee.

19        8.      As defined by DEFENDANT's comprehensive corporate policies and

20  procedures, the duties that the PLAINTIFF primarily engaged in includes selling mortgage loan

21  products.  In addition, the PLAINTIFF is and was also engaged in clerical tasks and paperwork

22  associated with loan processing in accordance with DEFENDANT's established specific

23  procedures and protocols which govern and control every aspect of the work performed by the

24  PLAINTIFF as a Home Mortgage Consultant.  These standardized procedures mirror the

25  realities of the workplace evidencing a uniformity of work among the Home Mortgage

26  Consultants and negate any exercise of independent judgment and discretion as to any matter

27  of significance.

28

9.   The work schedule for PLAINTIFF was set by DEFENDANT.  Generally, during the RELEVANT TIME PERIOD while the PLAINTIFF was classified as an exempt employee, he worked approximately ten (10) hours each workday and approximately ten (10) hours of overtime each workweek.

10.   During the RELEVANT TIME PERIOD, DEFENDANT had not established an alternative workweek election for the PLAINTIFF for ten (10) to twelve (12) hour workdays.

11.   During the RELEVANT TIME PERIOD, PLAINTIFF was not provided with overtime compensation and other benefits for the overtime hours worked as required by law due to DEFENDANT's unsubstantiated classification of PLAINTIFF as "exempt" by DEFENDANT.

12.   As a matter of company policy, practice, and procedure, DEFENDANT had unlawfully, unfairly and/or deceptively classified PLAINTIFF as exempt, until on or around May 26, 2011, based on job title alone, failed to pay the required overtime compensation and otherwise failed to comply with all applicable labor laws with respect to PLAINTIFF.

13.   The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of Defendants DOES 1 through 50, inclusive, are presently unknown to the PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474.  The PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained.  PLAINTIFF is informed and believes, and based upon that information and belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

14.   The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendants are legally attributable to the other Defendants and

1   all Defendants are jointly and severally liable to the PLAINTIFF for the loss sustained as a

2   proximate result of the conduct of the Defendants' agents, servants and/or employees.

3

4                              **THE CONDUCT**

5        15.   The primary duty required of the PLAINTIFF as a Home Mortgage Consultant

6   as defined by DEFENDANT was executed by the PLAINTIFF through the performance of non-

7   exempt labor within a defined skill set.

8        16.   Although the PLAINTIFF primarily performed non-exempt labor, DEFENDANT

9   instituted a blanket classification policy, practice and procedure by which the PLAINTIFF was

10  classified as exempt from overtime compensation.  By reason of this uniform exemption

11  practice, policy and procedure applicable to the PLAINTIFF, during the RELEVANT TIME

12  PERIOD, DEFENDANT committed acts of unfair competition in violation of the California

13  Unfair Competition law, Cal. Bus. & Prof. Code § 17200 (the "UCL"), by engaging in a

14  company-wide policy, practice and procedure which failed to properly classify the PLAINTIFF

15  and thereby failed to pay him overtime wages for documented overtime hours worked and

16  provide him with all legally required meal and rest breaks.  The proper classification of the

17  PLAINTIFF is DEFENDANT's burden.  As a result of DEFENDANT's intentional disregard

18  of the obligation to meet this burden, DEFENDANT failed to pay all required overtime

19  compensation for work performed by the PLAINTIFF and violated the California Labor Code

20  and regulations promulgated thereunder as herein alleged over the RELEVANT TIME

21  PERIOD.  In addition, DEFENDANT failed to provide all of the legally required meal and rest

22  breaks to the PLAINTIFF as required by the applicable Wage Order and Labor Code.  On or

23  around May 26, 2011, DEFENDANT reclassified PLAINTIFF as a non-exempt and hourly

24  employee and began properly paying him for overtime wages and providing him all legally

25  required meal and rest breaks.

26       17.   DEFENDANT, as a matter of law, has the burden of proving that (a) employees

27  are properly classified as exempt and that (b) DEFENDANT otherwise complies with

28  applicable laws.  Other than the initial classification of the PLAINTIFF as exempt from being

1  paid overtime based on job title alone, DEFENDANT had no business policy, practice, or
2  procedure to ensure that the PLAINTIFF was properly classified as exempt, and in fact, as a
3  matter of corporate policy erroneously and unilaterally classified the PLAINTIFF as exempt
4  based on job title alone.

5       18.    Over the course of his employment with DEFENDANT, including currently, the
6  PLAINTIFF has primarily performed non-exempt job duties, but during the RELEVANT TIME
7  PERIOD was nevertheless classified by DEFENDANT as exempt from overtime pay and
8  worked more than eight (8) hours a day, forty (40) hours a week, and/or on the seventh (7th)
9  consecutive day of a workweek.

10       19.    During the RELEVANT TIME PERIOD, PLAINTIFF was not primarily engaged
11  in work of a type that was directly related to the management or general business operations of
12  the employer's customers, when giving these words a fair but narrow construction. PLAINTIFF
13  was also not primarily engaged in work of a type that was performed at the level of the policy
14  or management of DEFENDANT.  PLAINTIFF was also not primarily engaged in work
15  requiring knowledge of an advanced type in a field or science or learning customarily acquired
16  by a prolonged course of specialized intellectual instruction and study, but rather his work
17  primarily involved the performance of routine clerical activities.  The work of a Home
18  Mortgage Consultant of DEFENDANT is work wherein the PLAINTIFF was and is primarily
19  engaged in the day-to-day business of WELLS FARGO. The Home Mortgage Consultants sell
20  mortgage loan products.  In addition, the PLAINTIFF was also engaged in clerical tasks, and
21  paperwork associated with loan processing.

22       20.    The fact that the work of the PLAINTIFF may have involved work using a
23  specialized skill set or technical abilities in a defined technical area does not mean that the
24  PLAINTIFF is exempt from overtime wages.  Indeed, the exercise of discretion and
25  independent judgment must be more than the use of a highly technical skill set described in a
26  manual or other sources.  The work that the PLAINTIFF was primarily engaged in is the work
27  that is required to be performed as part of the day-to-day-business activity of DEFENDANT.
28  As a result, the PLAINTIFF was primarily engaged in work that falls on the production or the

1  non-exempt administrative sale side of the administrative/production worker dichotomy and

2  should have been properly classified as a non-exempt employee.

3       21.    PLAINTIFF was classified as exempt from California overtime and related laws

4  by DEFENDANT during the RELEVANT TIME PERIOD, however, he did not have

5  managerial duties or authority. Furthermore, the PLAINTIFF, as a Home Mortgage Consultant,

6  was, and currently continues to be, tightly controlled by company policy and by his supervisors,

7  did not exercise discretion or independent judgment as to matters of significance, and his job

8  duties were not directly related to DEFENDANT's management policies or general business

9  operation.

10       22.    During the RELEVANT TIME PERIOD, PLAINTIFF was classified and treated

11  by DEFENDANT as exempt.  During that time, DEFENDANT failed to take the proper steps

12  to determine whether the PLAINTIFF was properly classified under the applicable Industrial

13  Welfare Commission Wage Order (Wage Order 4-2001) and Cal. Lab. Code §§ 510, *et seq*. as

14  exempt from applicable California labor laws.  Since DEFENDANT had, prior to May 26,

15  2011, affirmatively and wilfully misclassified the PLAINTIFF in compliance with California

16  labor laws, DEFENDANT's practices violated California law.  In addition, DEFENDANT

17  acted deceptively by falsely and fraudulently telling the PLAINTIFF that he was exempt from

18  overtime pay when DEFENDANT knew or should have known that this statement was false and

19  not based on known facts. DEFENDANT also acted unfairly by violating the California labor

20  laws, and as a result of this policy and practice, DEFENDANT also violated the UCL. In doing

21  so, DEFENDANT cheated the competition by paying the PLAINTIFF less than the amount

22  competitors paid who complied with the law and cheated the PLAINTIFF by not paying him

23  in accordance with California law.  In addition, DEFENDANT failed to provide all of the

24  legally required meal and rest breaks to the PLAINTIFF as required by the applicable Wage

25  Order and Labor Code. During the RELEVANT TIME PERIOD, DEFENDANT did not have

26  a policy or practice which provided meal and rest breaks to the PLAINTIFF.  As a result,

27  DEFENDANT's failure to provide the PLAINTIFF with all legally required meal and rest

28  breaks is evidenced by DEFENDANT's business records which contain no record of these

1 | breaks.

2 |       23.    DEFENDANT, during the RELEVANT TIME PERIOD, also failed to provide

3 | the PLAINTIFF with a wage statement in writing that accurately sets forth gross wages earned,

4 | all applicable hourly rates in effect during the pay period and the corresponding number of

5 | hours worked at each hourly rate by the PLAINTIFF.  This conduct violated California Labor

6 | Code § 226. The pay stubs also did not accurately display anywhere the PLAINTIFF's overtime

7 | hours and applicable rates of overtime pay for the pay period.

8 |       24.    By reason of this conduct applicable to the PLAINTIFF, during the RELEVANT

9 | TIME PERIOD, DEFENDANT committed acts of unfair competition in violation of the

10 | California Unfair Competition law, Cal. Bus. & Prof. Code § 17200 (the "UCL"), by engaging

11 | in a company-wide policy and procedure which failed to correctly classify the PLAINTIFF as

12 | non-exempt. The proper classification of PLAINTIFF is DEFENDANT's burden.  As a result

13 | of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT

14 | failed to properly calculate and/or pay all required overtime compensation for work performed

15 | by the PLAINTIFF and violated the applicable Wage Order, the California Labor Code and the

16 | regulations promulgated thereunder as herein alleged during the RELEVANT TIME PERIOD.

17 |

18 |                           **JURISDICTION AND VENUE**

19 |       25.    This Court has jurisdiction over this action pursuant to Cal. Code of Civ. Proc.

20 | § 410.10, Cal. Business & Professions Code §17203, and the California Family Care and

21 | Medical Leave Act, California Government Code § 12945.2 et seq..

22 |       26.    Venue is proper in this County pursuant to Cal. Code of Civ. Proc. §§ 395 and

23 | 395.5, because PLAINTIFF resides in this County and WELLS FARGO (i) currently maintains

24 | and at all relevant times maintained offices and facilities in this County and/or conducts

25 | substantial business in this County, and (ii) committed the wrongful conduct herein alleged in

26 | this County against PLAINTIFF.

27 |       27.    PLAINTIFF received a right to sue from DFEH at the time of the filing of his

28 | charge of retaliation on June 13, 2012.

# FIRST CAUSE OF ACTION

## For Unlawful Business Practices

### [Cal. Bus. And Prof. Code § 17200 *et seq.*]

### (By PLAINTIFF Against All Defendants)

28.    PLAINTIFF realleges and incorporates by this reference, as though fully set forth herein, paragraphs 1 through 27 of this Complaint.

29.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

30.    California Business & Professions Code § 17200 *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

California Business & Professions Code § 17203.

31.    By the conduct alleged herein, during the RELEVANT TIME PERIOD, DEFENDANT had engaged in a business practice which violated California law, including but not limited to, Wage Order 4-2001, the California Code of Regulations, and the California Labor Code Sections 226(a), 226.7, 510, 1194 & 1198, and for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

32.    By the conduct alleged herein, DEFENDANT's practices during the RELEVANT TIME PERIOD were unlawful and unfair in that these practices violated public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue

1    equitable and injunctive relief pursuant to Section 17203 of the California Business &

2    Professions Code, including restitution of wages wrongfully withheld.

3        33.    By the conduct alleged herein, DEFENDANT's practices during the

4    RELEVANT TIME PERIOD were deceptive and fraudulent in that DEFENDANT's uniform

5    policy and practice was to represent to PLAINTIFF that he was exempt from overtime pay

6    when in fact these representations were false and likely to deceive, for which this Court should

7    issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including

8    restitution of wages wrongfully withheld.

9        34.    By the conduct alleged herein, DEFENDANT's practices during the

10   RELEVANT TIME PERIOD were also unlawful, unfair and deceptive in that DEFENDANT's

11   employment practices caused the PLAINTIFF to be underpaid during his employment with

12   DEFENDANT.

13       35.    By and through the unlawful and unfair business practices described herein,

14   during the RELEVANT TIME PERIOD, DEFENDANT had obtained valuable property, money

15   and services from the PLAINTIFF and had deprived PLAINTIFF of valuable rights and benefits

16   guaranteed by law and contract, all to the detriment of PLAINTIFF and to the benefit of

17   DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who

18   comply with the law.

19       36.    All the acts described herein as violations of, among other things, the California

20   Labor Code, California Code of Regulations, the Industrial Welfare Commission Wage Orders,

21   and the related opinions of the Department of Labor, were unlawful, were in violation of public

22   policy, were immoral, unethical, oppressive, and unscrupulous, and were likely to deceive the

23   PLAINTIFF, as herein alleged, and thereby constitute deceptive, unfair and unlawful business

24   practices in violation of Cal. Bus. and Prof. Code § 17200 *et seq.*

25       37.    PLAINTIFF is entitled to, and does, seek such relief as may be necessary to

26   restore to PLAINTIFF the money and property which DEFENDANT has acquired, or of which

27   the PLAINTIFF has been deprived, by means of the above described unlawful and unfair

28   business practices, including earned but unpaid wages for all hours worked.

38.     Throughout the RELEVANT TIME PERIOD, it was also DEFENDANT's uniform policy and practice to not provide all legally required meal and rest breaks to the PLAINTIFF.  During the RELEVANT TIME PERIOD, DEFENDANT failed to provide any compensated work time for failing to provide such breaks to the PLAINTIFF.

39.     Therefore, the PLAINTIFF demands on behalf of himself, one (1) hour of pay for each workday in which a meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second meal period was not timely provided for each ten (10) hours of work.

40.     PLAINTIFF further demands on behalf of himself, one (1) hour of pay for each workday in which a rest period was not timely provided as required by law.

41.     PLAINTIFF is further entitled to, and does, seek a declaration that the described business practices are unlawful, unfair and deceptive.

42.     As a result of the unlawful and unfair business practices described herein during the RELEVANT TIME PERIOD, the PLAINTIFF has suffered irreparable legal and economic harm as a result of DEFENDANT's unlawful and unfair business practices.

## SECOND CAUSE OF ACTION

### For Failure To Pay Overtime Compensation

### [Cal. Lab. Code §§ 510, 551, 552, 1194 and 1198]

### (By PLAINTIFF Against All Defendants)

43.     PLAINTIFF realleges and incorporates by this reference, as though fully set forth herein, paragraphs 1 through 42 of this Complaint.

44.     Cal. Lab. Code § 510 states in relevant part:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate

1    of pay of an employee.

2    45.    Cal. Lab. Code § 551 states that, "Every person employed in any occupation of

3    labor is entitled to one day's rest therefrom in seven."

4    46.    Cal. Lab. Code § 552 states that, "No employer of labor shall cause his

5    employees to work more than six days in seven."

6    47.    Cal. Lab. Code § 515(d) provides:  "For the purpose of computing the overtime

7    rate of compensation required to be paid to a nonexempt full-time salaried employee, the

8    employee's regular hourly rate shall be 1/40th of the employee's weekly salary."

9    48.    Cal. Lab. Code § 1194 states:

10       Notwithstanding any agreement to work for a lesser wage, any employee
         receiving less than the legal minimum wage or the legal overtime compensation
11       applicable to the employee is entitled to recover in a civil action the unpaid
         balance of the full amount of this minimum wage or overtime compensation,
12       including interest thereon, reasonable attorney's fees, and costs of suit.

13    49.    Cal. Lab. Code § 1198 provides:  "The maximum hours of work and the

14    standard conditions of labor fixed by the commission shall be the maximum hours of work and

15    the standard conditions of labor for employees. The employment of any employee for longer

16    hours than those fixed by the order or under conditions of labor prohibited by the order is

17    unlawful."

18    50.    During the RELEVANT TIME PERIOD, DEFENDANT had intentionally and

19    uniformly designated certain employees as "exempt" employees, by their job title and without

20    regard to DEFENDANT's realistic expectations and actual overall requirements of the job,

21    including the PLAINTIFF who worked on the production side of DEFENDANT's business.

22    This was done in an illegal attempt to avoid payment of overtime wages and other benefits in

23    violation of the California Labor Code and Industrial Welfare Commission requirements.

24    51.    For an employee to be exempt as a bona fide "executive," all the following

25    criteria must be met and DEFENDANT has the burden of proving that:

26    (a)    The employee's primary duty must be management of the enterprise, or of a

27        customarily recognized department or subdivision; and,

28

(b)    The employee must customarily and regularly direct the work of at least two (2) or more other employees; and,

(c)    The employee must have the authority to hire and fire, or to command particularly serious attention to his or her recommendations on such actions affecting other employees; and,

(d)    The employee must customarily and regularly exercise discretion and independent judgment; and,

(e)    The employee must be primarily engaged in duties which meet the test of exemption.

PLAINTIFF was not an executive because PLAINTIFF failed and continues to fail to meet the requirements of being an "executive" within the meaning of the applicable Wage Order.

52.    For an employee to be exempt as a bona fide "administrator," all of the following criteria must be met and DEFENDANT has the burden of proving that:

(a)    The employee must perform office or non-manual work directly related to management policies or general business operation of the employer; and,

(b)    The employee must customarily and regularly exercise discretion and independent judgment; and,

(c)    The employee must regularly and directly assist a proprietor or an exempt administrator; or,

(d)    The employee must perform, under only general supervision, work requiring special training, experience, or knowledge, or,

(e)    The employee must execute special assignments and tasks under only general supervision; and,

(f)    The employee must be primarily engaged in duties which meet the test of exemption.

PLAINTIFF was not an administrator because PLAINTIFF failed to meet the requirements for being an "administrator" under the applicable Wage Order.

53.     The Industrial Welfare Commission, in Wage Order 4-2001, at section (1)(A)(3), and Labor Code § 515 also set forth the requirements which must be complied with to place an employee in the "professional" exempt category. For an employee to be exempt as a bona fide "professional," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)     The employee is primarily engaged in an occupation commonly recognized as a learned or artistic profession. For the purposes of this subsection, "learned or artistic profession" means an employee who is primarily engaged in the performance of:

1)     Work requiring knowledge of an advanced type in a field or science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual, or physical processes, or work that is an essential part or necessarily incident to any of the above work; or,

2)     Work that is original and creative in character in a recognized field of artistic endeavor, and the result of which depends primarily on the invention, imagination or talent of the employee or work that is an essential part of or incident to any of the above work; and,

3)     Whose work is predominately intellectual and varied in character (as opposed to routine mental, manual, mechanical, or physical work) and is of such character cannot be standardized in relation to a given period of time.

(b)     The employee must customarily and regularly exercise discretion and independent judgment; and,

(c)     The employee earns a monthly salary equivalent to no less than two (2) times the

1    state minimum wage for full-time employment.

2    PLAINTIFF was not a professional because PLAINTIFF failed to meet the requirements of

3    being a "professional" within the meaning of the applicable Wage Order.

4         54.    PLAINTIFF does not fit the definition of an exempt executive, administrative,

5    or professional employee because:

6         (a)    PLAINTIFF did not work as an executive or administrator; and,

7         (b)    The professional exemption does not apply to the PLAINTIFF because

8                PLAINTIFF did not meet all the applicable requirements to work under the

9                professional exemption  for the reasons set forth above in this Complaint.

10        55.    The PLAINTIFF worked more than eight (8) hours in a workday, forty (40) hours

11   in a workweek, and/or worked on the seventh (7th) consecutive day of a workweek.

12        56.    During the RELEVANT TIME PERIOD, DEFENDANT failed to pay the

13   PLAINTIFF overtime compensation for the hours PLAINTIFF worked in excess of the

14   maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198, even

15   though the PLAINTIFF was regularly required to work, and did in fact work, overtime hours.

16        57.    By virtue of DEFENDANT's unlawful failure to pay additional compensation

17   to the PLAINTIFF for PLAINTIFF's overtime hours during the RELEVANT TIME PERIOD,

18   the PLAINTIFF has suffered an economic injury in amounts which are presently unknown to

19   PLAINTIFF and which will be ascertained according to proof at trial.

20        58.    DEFENDANT knew or should have known that during the RELEVANT TIME

21   PERIOD the PLAINTIFF was misclassified as exempt and DEFENDANT systematically

22   elected, either through intentional malfeasance or gross nonfeasance, not to pay PLAINTIFF

23   for PLAINTIFF's overtime labor as a matter of uniform corporate policy, practice and

24   procedure.

25        59.    Therefore, the PLAINTIFF requests recovery of overtime compensation

26   according to proof, interest, costs, as well as the assessment of any statutory penalties against

27   DEFENDANT, in a sum as provided by the California Labor Code and/or other statutes.

28        60.    In performing the acts and practices herein alleged in violation of labor laws

1    and refusing to provide the requisite overtime compensation, during the RELEVANT TIME

2    PERIOD, DEFENDANT acted intentionally, oppressively, and maliciously toward the

3    PLAINTIFF with a conscious and utter disregard of PLAINTIFF's legal rights, or the

4    consequences to PLAINTIFF, and with the despicable intent of depriving PLAINTIFF of his

5    property and legal rights and otherwise causing PLAINTIFF injury in order to increase

6    corporate profits at the expense of the PLAINTIFF.

7

8    **THIRD CAUSE OF ACTION**

9    **For Failure to Provide Accurate Itemized Statements**

10    **[Cal. Lab. Code § 226]**

11    **(By PLAINTIFF Against All Defendants)**

12    61.    PLAINTIFF realleges and incorporates by this reference, as though fully set forth

13    herein, paragraphs 1 through 60 of this Complaint.

14    62.    Cal. Labor Code § 226 provides that an employer must furnish employees

15    with an "accurate itemized" statement in writing showing:

16    (1) gross wages earned,

17    (2) total hours worked by the employee, except for any employee whose compensation

18    is solely based on a salary and who is exempt from payment of overtime under

19    subdivision (a) of Section 515 or any applicable order of the Industrial Welfare

20    Commission,

21    (3) the number of piecerate units earned and any applicable piece rate if the employee

22    is paid on a piece-rate basis,

23    (4) all deductions, provided that all deductions made on written orders of the employee

24    may be aggregated and shown as one item,

25    (5) net wages earned,

26    (6) the inclusive dates of the period for which the employee is paid,

27    (7) the name of the employee and his or her social security number, except that by

28    January 1, 2008, only the last four digits of his or her social security number or an

1     employee identification number other than a social security number may be shown on

2     the itemized statement,

3     (8) the name and address of the legal entity that is the employer, and

4     (9) all applicable hourly rates in effect during the pay period and the corresponding

5     number of hours worked at each hourly rate by the employee.

6         63.     During the RELEVANT TIME PERIOD, DEFENDANT violated Labor Code

7     § 226 in that DEFENDANT failed to provide an accurate wage statement in writing that

8     properly and accurately itemized the number of hours worked by the PLAINTIFF at the

9     effective regular rates of pay and the effective overtime rates of pay.

10        64.     DEFENDANT knowingly and intentionally failed to comply with Labor Code

11     § 226, causing damages to the PLAINTIFF. These damages include, but are not limited to,

12     costs expended calculating the true hours worked and the amount of employment taxes which

13     were not properly paid to state and federal tax authorities. These damages are difficult to

14     estimate. Therefore, the PLAINTIFF may elect to recover liquidated damages of $50.00 for the

15     initial pay period in which the violation occurred, and $100.00 for each violation in subsequent

16     pay period pursuant to Labor Code § 226, in an amount according to proof at the time of trial

17     (but in no event more than $4,000.00 for the PLAINTIFF).

18

19                            **FOURTH CAUSE OF ACTION**

20           **Violation of the California Family Rights Act ("CFRA")**

21                  **[Cal. Govt. Code § 12945.2 et. seq.]**

22               **(By PLAINTIFF Against All Defendants)**

23        65.     PLAINTIFF realleges and incorporates by this reference, as though fully set forth

24     herein, paragraphs 1 through 64 of this Complaint.

25        66.     DEFENDANT is an employer covered by the CFRA.

26        67.     PLAINTIFF is an employee who has more than 12 months of service with the

27     DEFENDANT and at least 1,250.00 hours of service with the DEFENDANT during the 12

28     months of employment prior to taking family leave.

1    68.    PLAINTIFF began his leave on or about April 15, 2012 to care for his ailing

2    mother who had a stroke in October of 2011. PLAINTIFF provided notice to DEFENDANT

3    that he was seeking leave for this purpose by providing DEFENDANT with an Intermittent

4    Request Form. The leave was taken by PLAINTIFF to provide care and support for the serious

5    medical condition suffered by PLAINTIFF'S mother.

6    69.    While PLAINTIFF was on lawfully protected family care and medical leave,

7    DEFENDANT notified PLAINTIFF that his leave was not approved because additional

8    information was needed to complete the Intermittent Request Form. PLAINTIFF made his best

9    efforts to complete the information by contacting his mother's attending physician repeatedly.

10   PLAINTIFF informed DEFENDANT that additional time was needed to provide the

11   information because the attending physician had not responded to PLAINTIFF'S repeated

12   requests for information. PLAINTIFF also provided DEFENDANT with the name and contact

13   information of the attending physician.

14   70.    DEFENDANT unlawfully indicated refusal to establish PLAINTIFF'S right to

15   take protected leave and terminated PLAINTIFF'S employment on or about May 22, 2012.

16   Such acts which terminated PLAINTIFF'S employment and discharge of PLAINTIFF

17   constitutes unlawful discrimination against PLAINTIFF for his exercise of his right to family

18   care and medical leave.

19   71.    DEFENDANT committed the acts described in this complaint oppressively,

20   fraudulently, and maliciously, entitling PLAINTIFF to an award of punitive damages against

21   DEFENDANT in an amount appropriate to punish and make an example of DEFENDANT.

22   Wherefore, PLAINTIFF prays for damages as further set forth below.

23

24                          **FIFTH CAUSE OF ACTION**

25                          **Wrongful Termination**

26                  **(By PLAINTIFF Against All Defendants)**

27   72.    PLAINTIFF realleges and incorporates by this reference, as though fully set forth

28   herein, paragraphs 1 through 71 of this Complaint.

FIRST AMENDED COMPLAINT
-18-

73.    California has established a substantial and fundamental public policy against harassment and discrimination on the basis of the exercise of the lawfully protected activity of taking unpaid, leave of absence to care for family members. This policy is partially reflected in statutory form in legislation including; *inter alia*, the Fair Employment and Housing Act Government Code § 12900 *et. seq*. These policies are further supported by the case law interpreting these statutes.

74.    PLAINTIFF was involuntarily terminated by DEFENDANT on May 22, 2012 in retaliation for PLAINTIFF'S exercising his right to take unpaid leave to care for the serious medical condition suffered by PLAINTIFF'S ailing mother.

75.    DEFENDANT unlawfully subjected PLAINTIFF to an adverse employment set by terminating his employment because of his exercise of his right to CFRA leave. As a result of DEFENDANTS' willful, knowing, and intentional termination of PLAINTIFF in violation of public policy, he has sustained various damages both economic and noneconomic, including *inter alia* loss of earnings, loss of benefits, and emotional distress, all subject to proof at trial.

76.    DEFENDANT'S actions alleged herein, and in violation of Govt. Code § 12940, were oppressive, malicious, and/or fraudulent as defined in Civil Code § 3294. Accordingly, PLAINTIFF also requests the award of punitive damages in an amount sufficient to deter Defendants from engaging in similar future behavior, according to proof at trial.

## SIXTH CAUSE OF ACTION

### Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA")

### (By PLAINTIFF against DEFENDANT)

77.    PLAINTIFF, realleges and  incorporates by this reference, as though fully set forth herein, paragraphs 1 through 76 of this Complaint.

78.    DEFENDANT is engaged in communication, business, and transmission between the states, and is, therefore, engaged in commerce within the meaning of 29 U.S.C. § 203(b).

79.    29 U.S.C. § 255 provides that a three-year statute of limitations applies to willful violations of the FLSA.

80. 29 U.S.C. § 207(a)(1) provides in pertinent part:

Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

81. Section 213(a)(1) of the FLSA provides that the overtime pay requirement does not apply to:

any employee employed in a bona fide executive, administrative, or professional capacity (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary schools), or in the capacity of outside salesman (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of the Administrative Procedure Act [5 USCS §§ 551 et seq.] except [that] an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his workweek which he devotes to activities not directly or closely related to the performance of executive or administrative activities, if less than 40 per centum of his hours worked in the workweek are devoted to such activities).

82. DEFENDANT has willfully engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed above, by uniformly designating certain employees as "exempt" employees, by their job title and without regard to DEFENDANT's realistic expectations and actual overall requirements of the job, including the PLAINTIFF who worked on the production side of DEFENDANT's business enterprise. This was done in an illegal attempt to avoid payment of overtime wages and other benefits in violation of the FLSA and Code of Federal Regulations requirements.

83. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, the PLAINTIFF is entitled to overtime compensation for all overtime hours actually worked, at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek. DEFENDANT's failure to pay overtime wages as required by federal law was willful and not in good faith.

84. 29 C.F.R. 541.2 establishes that a job title alone is insufficient to establish the exempt status of an employee. The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the

1   requirements of the regulations in this part.

2       85.    The exemptions of the FLSA as listed in section 13(a), and as explained by 29

3   C.F.R. 541.3, do not apply to the PLAINTIFF because their work consists of non-management,

4   production line labor performed with skills and knowledge acquired from on-the-job training,

5   rather than from the prolonged course of specialized intellectual instruction required for exempt

6   learned professional employees such as medical doctors, architects and archeologists. Plaintiff

7   did not hold an advanced degree, have not taken any prolonged course of specialization, and/or

8   have attained the vast majority of the skills they use as employees of DEFENDANT from on-

9   the-job training.

10       86.    For an employee to be exempt as a bona fide "commissioned salesperson," all

11   the following criteria must be met and DEFENDANT has the burden of proving that:

12       (a)    The employee's primary duty must be making sales as defined to include any

13           sale, exchange, contract to sell, consignment sale, shipment for sale, or other

14           disposition; or

15       (b)    The employee must obtain orders or contracts for services or for the use of

16           facilities for which a consideration will be paid by the client or customer; and,

17       (c)    The employee's earnings must be exceed one and one-half times the minimum

18           wage; and,

19       (d)    The employee must earn more than half of their income from bona fide sales

20           commissions; and,

21       (e)    The employee must be primarily engaged in duties which meet the test of

22           exemption.

23   PLAINTIFF was not an inside salesperson because he fails to meet the requirements of being

24   an "commissioned salesperson" within the meaning of the applicable Wage Order.

25       87.    For an employee to be exempt as a bona fide "outside salesperson," all the

26   following criteria must be met and DEFENDANT has the burden of proving that:

27       (a)    The employee's primary duty must be making sales as defined to include any

28           sale, exchange, contract to sell, consignment sale, shipment for sale, or other

1 disposition; or

2  (b) The employee must obtain orders or contracts for services or for the use of

3   facilities for which a consideration will be paid by the client or customer; and,

4  (c) The employee must customarily and regularly spend more than half the work time

5   away from the employer's place of business engaged in sales-related activity;

6   and,

7  (d) The employee must be primarily engaged in duties which meet the test of

8   exemption.

9 PLAINTIFF is not an outside salesperson because he fails to meet the requirements of being

10 an "outside salesperson" within the meaning of the applicable Wage Order.

11  88. For an employee to be exempt as a bona fide "executive," all the following

12 criteria must be met and DEFENDANT has the burden of proving that:

13  (a) The employee's primary duty must be management of the enterprise, or of a

14   customarily recognized department or subdivision;

15  (b) The employee must customarily and regularly direct the work of at least two (2)

16   or more other employees;

17  (c) The employee must have the authority to hire and fire, or to command

18   particularly serious attention to his or her recommendations on such actions

19   affecting other employees; and,

20  (d) The employee must be primarily engaged in duties which meet the test of

21   exemption.

22 PLAINTIFF was not an executive because he fails to meet the requirements of being an

23 "executive " under section 13 of the FLSA and 29 C.F.R. 541.100. Moreover, PLAINTIFF did

24 not manage the work of two or more other employees in a customarily recognized department

25 or subdivision of the employer, and whose recommendations as to the hiring, firing,

26 advancement, promotion or other change of status of the other employees were given particular

27 weight and therefore, he does not qualify for the executive exemption.

28  89. For an employee to be exempt as a bona fide "administrator,"all of the following

criteria must be met and DEFENDANT has the burden of proving that:

    (a)    The employee must perform office or non-manual work directly related to management or general business operation of the employer or the employer's customers;

    (b)    The employee must customarily and regularly exercise discretion and independent

            judgment with respect to matters of significance; and,

    (c)    The employee must regularly and directly assist a proprietor or an exempt administrator; or,

    (d)    The employee must perform under only general supervision, work requiring special training, experience, or knowledge; and,

    (e)    The employee must be primarily engaged in duties which meet the test of exemption.

PLAINTIFF is not an administrator because he fails to meet the requirements of for being an "administrator" under section 13(a) of the FLSA and 29 C.F.R. 541.300.

    90.    For an employee to be exempt as a bona fide "professional", DEFENDANT has the burden of proving that the primary duty of the employee is the performance of work that:

    (a)    Requires knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction; or

    (b)    Requires invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

PLAINTIFF is not a professional because he fails to meet the requirements of being a "professional" within the meaning of 29 CFR 541.300. Further, PLAINTIFF operated under intense scrutiny from management and are strictly dictated by written guidelines and standardized procedures.

    91.    PLAINTIFF, worked more than forty (40) hours in a workweek. At all relevant times while PLAINTIFF was classified as exempt, DEFENDANT failed to pay the PLAINTIFF

1   overtime compensation for the hours he have worked in excess of the maximum hours

2   permissible by law as required by section 207 of the FLSA, even though the PLAINTIFF was

3   regularly required to work, and did in fact work, overtime hours.

4        92.    For purposes of the Fair Labor Standards Act, the employment practices of

5   DEFENDANT were and are uniform throughout the United States in all respects material to the

6   claims asserted in this Complaint.

7        93.    There are no other exemptions applicable to the PLAINTIFF.

8        94.    As a result of DEFENDANT's failure to pay overtime compensation for

9   overtime hours worked, as required by the FLSA, the PLAINTIFF was damaged in an amount

10  to be proved at trial.

11       95.    Therefore, the PLAINTIFF demands that he be paid overtime compensation as

12  required by the FLSA for every hour of overtime worked in any workweek for which he was

13  not compensated, plus interest and statutory costs as provided by law.

14

15  **<u>PRAYER FOR RELIEF</u>**

16       WHEREFOR, the PLAINTIFF prays for judgment against each Defendant, jointly and

    severally, as follows:

17

18  1.    On the UCL claim:

19       A)    An order requiring DEFENDANT to correctly calculate and pay all wages and

             all sums unlawfully withheld from compensation due to the PLAINTIFF; and,

20

21       B)    Restitutionary disgorgement of DEFENDANT's ill-gotten gains for restitution

             of the sums incidental to DEFENDANT's violations due to the PLAINTIFF; and,

22

23  2.    On the California Labor Code claims:

24       A)    Compensatory damages, according to proof at trial, including compensatory

             damages for overtime compensation due to the PLAINTIFF plus interest thereon

25           at the statutory rate; and,

26

27       B)    The greater of all actual damages or fifty dollars ($50) for the initial pay period

             in which a violation occurs and one hundred dollars ($100) for each violation in

28           a subsequent pay period, not exceeding an aggregate penalty of four thousand

1    dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226.

2    4.    On all claims:

3          A)    An award of interest, including prejudgment interest at the legal rate;

4          B)    Such other and further relief as the Court deems just and equitable; and,

5          C)    An award of penalties and cost of suit, but neither this prayer nor any other

6                allegation or prayer in this Complaint is to be construed as a request, under any

7                circumstance, that would result in a request for attorneys' fees under Cal. Lab.

8                Code § 218.5.

9    5.    On Retaliation and Wrongful Termination Claim

10         A)    Compensatory damages, according to proof at trial, but in excess of $25,000.

11         B)    For punitive damages in an amount necessary to make an example of and to

12               punish DEFENDANT and deter DEFENDANT from engaging in future similar

13               conduct;

14         C)    For loss of earnings (both past and future);

15         D)    For interest at the legal rate in an amount according to proof;

16   6.    On the FLSA Claim

17         A)    That the PLAINTIFF recover compensatory damages and an equal amount of

18   liquidated damages as provided under the law and in 29 U.S.C. § 216(b).

19

20   Dated: July 2⊅, 2012                  BLUMENTHAL, NORDREHAUG & BHOWMIK

21

22                                          By:_____

23                                              Norman B. Blumenthal
                                                Attorneys for Plaintiff

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

PLAINTIFF demands a jury trial on issues triable to a jury.

Dated:  July 20, 2012            BLUMENTHAL, NORDREHAUG & BHOWMIK

By: _____

Norman B. Blumenthal
Attorneys for Plaintiff

K:\D\Dropbox\Pending Litigation\Wells Fargo - Curry\d-FAC.wpd

1  **BLUMENTHAL, NORDREHAUG & BHOWMIK**
     Norman B. Blumenthal (State Bar #068687)
2    Kyle R. Nordrehaug (State Bar #205975)
     Aparajit Bhowmik (State Bar #248066)
3    Piya Mukherjee (State Bar #274217)
   2255 Calle Clara
4  La Jolla, CA 92037
   Telephone: (858)551-1223
5  Facsimile: (858) 551-1232

6  Attorneys for Plaintiff

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **IN AND FOR THE COUNTY OF LOS ANGELES**

10

11 | ISAAC CURRY, individually,                    CASE No.  **YC066168**

12

13 |              Plaintiff,                        **PROOF OF SERVICE**

14 | vs.

15 | WELLS FARGO BANK, N.A.; and
   | DOES 1 through 50 inclusive,

16

17 |              Defendants.                       Date filed: December 22, 2011

18

19

20

21

22

23

24

25

26

27

28

                              PROOF OF SERVICE

                                                    Case No.: YC066168

1   STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

2        I, Aparajit Bhowmik, am employed in the County of San Diego, State of California.  I
     am over the age of 18 and not a party to the within action.  My business address is 2255
3   Calle Clara, La Jolla, California 92037.

4        On July 20, 2012, I served the document(s) described as:

5
     1.      **FIRST AMENDED COMPLAINT**
6

7

8   __XX__      (BY MAIL):  I caused each such envelope, with postage thereon fully prepaid,
                 to be placed in the United States mail at San Diego, California.  I am readily
9                familiar with this firm's business practice for collection and processing of
                 correspondence for mailing with the U.S. Postal Service pursuant to which
10               practice the correspondence will be deposited with the U.S. Postal Service this
                 same day in the ordinary course of business (C.C.P. Section 10139a); 2015.5):
11
     Lindbergh Porter
12   LITTLER MENDELSON, P.C.
     650 California Street
13   20th Floor
     San Francisco, CA 94108
14   Attorneys for Defendant Wells Fargo Bank, N.A.

15

16   __X__   (State): I declare under penalty of perjury under the laws of the State of California
              that the above is true and correct.
17
              Executed on July 20, 2012, at  La Jolla, California.
18

19

20                                                   _____
                                                     Aparajit Bhowmik
21

22

23   K:\D\Dropbox\Pending Litigation\Wells Fargo - Curry\pos-FAC.wpd

24

25

26

27

28

# EXHIBIT I

LINDBERGH PORTER, Bar No. 100091
MARY D. WALSH, Bar No. 197039
LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
Telephone:    415.433.1940
Fax No.:       415.399.8490

Attorneys for Defendant
WELLS FARGO BANK, N.A.

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 10 2012

John A. Clarke, Executive Officer/Clerk

By ___ ___ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| ISAAC CURRY, individually<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. YC066168<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE LAURA C. ELLISON<br><br>**DEFENDANT WELLS FARGO BANK'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Trial Date:  February 26, 2013<br>Complaint Filed:  December 22, 2011 |

FAX FILE

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") hereby answers the unverified First Amended Complaint ("Complaint") filed by Plaintiff Isaac Curry ("Plaintiff") in the above-referenced action as follows:

## GENERAL DENIAL

Pursuant to the provisions of the California Code of Civil Procedure section 431.30(d), Wells Fargo denies generally and specifically each and every allegation contained in the First Amended Complaint. In addition, Wells Fargo denies Plaintiff has sustained, or will sustain, any loss or damage in the manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct or absence thereof on the part of Wells Fargo.

## AFFIRMATIVE AND OTHER DEFENSES

Wells Fargo asserts the following affirmative and other defenses, which it has designated, collectively, as "affirmative defenses." Wells Fargo's designating its defenses as "affirmative" is not intended in any way to alter Plaintiff's burden of proof with regard to any element of his cause of action.

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint and each purported cause of action alleged therein fail to state facts sufficient to constitute a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2. Wells Fargo alleges that each purported cause of action set forth in the Complaint is barred in whole or in part by the applicable statute(s) of limitation, including without limitation, 29 U.S.C. §225; California Code of Civil Procedure §§338(a) and 340(a); California Business and Professions Code section 17208; California Government Code §§12960 and 12965(b); and/or any other applicable statutes of limitations.

TTLER MENDELSON, P.C
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

2.

DEFENDANT WELLS FARGO BANK'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. YC066168

### THIRD AFFIRMATIVE DEFENSE

3.      The Complaint and each purported cause of action alleged therein are barred because Plaintiff was or is properly classified as an exempt employee under the outside sales, commissioned sales, executive, administrative, and/or combination exemptions under the California Labor Code and its interpreting regulations.

### FOURTH AFFIRMATIVE DEFENSE

4.      The Complaint and each purported cause of action alleged therein are barred because Plaintiff was or is properly classified as an exempt employee under the outside sales, commissioned sales, executive, administrative, highly-compensated employee, and/or combination exemptions under the Fair Labor Standards Act, 29 U.S.C. §§ 207, 213(a), 213(b), and its interpreting regulations.

### FIFTH AFFIRMATIVE DEFENSE

5.      The Complaint and each purported cause of action alleged therein are barred because Plaintiff misperformed his duties and/or failed to perform the duties which Wells Fargo realistically and reasonably expected Plaintiff to perform.

### SIXTH AFFIRMATIVE DEFENSE

6.      Some or all of the disputed time for which Plaintiff seeks to recover (of wages purportedly owed) is not compensable pursuant to the doctrine of *de minimis non curat lex*.

### SEVENTH AFFIRMATIVE DEFENSE

7.      Wells Fargo at all times acted in good faith to comply with the FLSA and the California Labor Code and Wage Order(s) and with reasonable grounds to believe that its actions did not violate the FLSA and/or the California Labor Code and Wage Order(s), and Wells Fargo asserts a lack of willfulness or intent to violate the FLSA and/or the California Labor Code and Wage Order(s) as a defense to any claim by Plaintiff for liquidated damages.

### EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative

TTLER MENDELSON, P.C
650 California Street
70th Floor
San Francisco, CA 94108.2693
415 433 1940

3.

1  regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative

2  practices or enforcement policies of the Administrator of the Wage and Hour Division of the United

3  States Department of Labor.

4  ### NINTH AFFIRMATIVE DEFENSE

5          9.    Plaintiff's claims are barred in whole or in part by the provisions of Section 11

6  of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action

7  were done in good faith and with reasonable grounds for believing that the actions or omissions were

8  not a violation of the FLSA.

9  ### TENTH AFFIRMATIVE DEFENSE

10         10.    Plaintiff's claims are barred, in whole or in part, by the provisions of Section 4

11  of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in

12  activities which were preliminary or postliminary to his principal activities or incidental to them.

13  ### ELEVENTH AFFIRMATIVE DEFENSE

14         11.    Plaintiff is not entitled to a penalty award under the FLSA (29 U.S.C. §207).

15  ### TWELFTH AFFIRMATIVE DEFENSE

16         12.    Plaintiff is not entitled to any penalty award under the California Business and

17  Professions Code § 17200, *et seq.*, the California Labor Code, or any Wage Order because Wells

18  Fargo did not willfully fail to comply with the compensation provisions of the California Labor

19  Code or the applicable Wage Order(s), but rather acted in good faith and had reasonable grounds for

20  believing it did not violate them.

21  ### THIRTEENTH AFFIRMATIVE DEFENSE

22         13.    Wells Fargo alleges that Plaintiff sustained no injury from any alleged failure

23  by Wells Fargo to comply with Labor Code section 226.

24  ### FOURTEENTH AFFIRMATIVE DEFENSE

25         14.    Wells Fargo alleges that Plaintiff was exempt from payment of overtime

26  wages pursuant to the administrative, outside sales, commissioned sales, and/or combination

27  exemptions and, pursuant to Labor Code section 226(a), Plaintiff was not entitled, *inter alia*, to a

28  wage statement specifying an hourly rate and number of hours worked.

TTLER MENDELSON, P.C
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

4.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.    Wells Fargo alleges that, even assuming *arguendo*, Plaintiff was not provided with a proper itemized statement of wages and deductions, or that an electronic wage statement did not comply with the Labor Code, Plaintiff is not entitled to recover damages or penalties because Wells Fargo's alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional failure" under California Labor Code section 226(e).

### SIXTEENTH AFFIRMATIVE DEFENSE

16.    Wells Fargo alleges that its electronic wage statements satisfy Labor Code section 226(a).

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Wells Fargo alleges that in the event damages, injuries and/or losses were suffered by Plaintiff, which Wells Fargo denies, such damages, injuries and/or losses resulted from the negligence of parties, persons and/or entities other than Wells Fargo, and the liability of Wells Fargo, if any, is limited in direct proportion to the percentage of fault actually attributed to Wells Fargo pursuant to applicable law(s).

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.    The Complaint and each purported cause of action alleged therein are barred to the extent Plaintiff has released Wells Fargo from any claim Plaintiff may have against it.

### NINETEENTH AFFIRMATIVE DEFENSE

19.    Wells Fargo alleges there exists a bona fide dispute as to whether any further compensation is actually due to Plaintiff and, if so, the amount thereof.

### TWENTIETH AFFIRMATIVE DEFENSE

20.    Plaintiff's claims are barred to the extent Plaintiff failed to exercise reasonable care to mitigate his damages, if any were suffered, and that his rights to recover against Wells Fargo should be reduced and/or eliminated by such a failure.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    Wells Fargo is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, the Complaint and each cause of

5.

ITTLER MENDELSON, P.C
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

1    action set forth therein are barred by the equitable doctrines of waiver or estoppel, or laches, or
2    unclean hands.

3    ### TWENTY-SECOND AFFIRMATIVE DEFENSE

4    22.    Wells Fargo is informed and believes that a reasonable opportunity for
5    investigation and discovery will reveal and, on that basis, alleges Plaintiff's claims are barred by his
6    own breach of the duties owed to Wells Fargo under California Labor Code sections 2854, 2856,
7    2857, 2858 and/or 2859.

8    ### TWENTY-THIRD AFFIRMATIVE DEFENSE

9    23.    Wells Fargo alleges that the Complaint and each cause of action set forth
10   therein are barred because Plaintiff failed to timely and completely exhaust his requisite
11   administrative and/or contractual remedies available to him under the California Labor Code and/or
12   the California Government Code prior to commencing this action.

13   ### TWENTY-FOURTH AFFIRMATIVE DEFENSE

14   24.    Defendant alleges that the Complaint, and each cause of action contained
15   therein, fails because Plaintiff's employment was terminable at will with or without cause or notice.

16   ### TWENTY-FIFTH AFFIRMATIVE DEFENSE

17   25.    Defendant alleges that the actions complained of by Plaintiff were based on
18   legitimate, nondiscriminatory, and nonretaliatory reasons.

19   ### TWENTY-SIXTH AFFIRMATIVE DEFENSE

20   26.    Defendant alleges that Plaintiff's Complaint is barred, in whole or in part,
21   because it had no knowledge of any alleged discriminatory, retaliatory or otherwise unlawful
22   behavior by any of its employees, agents, representatives, or independent contractors.

23   ### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

24   27.    Defendant alleges that to the extent any individual engaged in any
25   discriminatory, retaliatory, or otherwise unlawful behavior, the alleged acts were committed outside
26   the course and scope of employment.

27

28

6.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     Defendant alleges that to the extent that during the course of this litigation it acquires any evidence of Plaintiff's wrongdoing, such after-acquired evidence bars Plaintiff's claims of liability or damages or reduces such claims as provided by law.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29.     Defendant alleges that Plaintiff's Complaint is barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any alleged retaliatory or otherwise unlawful behavior.

## THIRTIETH AFFIRMATIVE DEFENSE

30.     Defendant alleges that Plaintiff's claims are barred, in whole or in part, or any recovery should be reduced, pursuant to the avoidable consequences doctrine, because Defendant took reasonable steps to prevent and correct workplace retaliation, Plaintiff unreasonably failed to use the preventative and corrective opportunities provided by Defendant and reasonable use of Defendant's procedures would have prevented at least some of the harm that the Plaintiff allegedly suffered.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31.     Defendant alleges that Plaintiff has failed to state facts sufficient to constitute a claim for punitive damages.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32.     Wells Fargo alleges that to the extent the amount of any punitive damages awarded are unreasonable, excessive, arbitrary, or disproportionate to the amount of harm to Plaintiff and to the general damages recovered, Wells Fargo's rights to procedural due process under the Fifth, Seventh, Eighth and Fourteenth Amendment to the United States Constitution and the Constitution of the State of California will be violated.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

33.     Defendant alleges that Plaintiff's claim for punitive damages is barred because Defendant had a suitable anti-discrimination and retaliation policy in effect at all material times.

TTLER MENDELSON, P.C
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

7.

DEFENDANT WELLS FARGO BANK'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. YC066168

## ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES

34.     Wells Fargo presently has insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses or affirmative defenses in the event discovery indicates such defenses are appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Wells Fargo prays for relief as follows:

1.     That Plaintiff take nothing and that the Complaint be dismissed in its entirety with prejudice;

2.     That judgment be entered in Wells Fargo's favor;

3.     That Wells Fargo be awarded such other and further relief as the Court deems just and proper.

Dated: August 9, 2012

LINDBERGH PORTER
MARY D. WALSH
LITTLER MENDELSON, P.C.
Attorneys for Defendant
WELLS FARGO BANK, N.A.

Firmwide:113387729.1 051995.1048

TTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

8.

DEFENDANT WELLS FARGO BANK'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO.  YC066168

## PROOF OF SERVICE BY MAIL

I am employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 650 California Street, 20th Floor, San Francisco, California 94108.2693. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On August 10, 2012, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**DEFENDANT WELLS FARGO BANK'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

in a sealed envelope, postage fully paid, addressed as follows:

Norman Blumenthal, Esq.
Kyle R. Nordrehaug, Esq.
Aparajit Bhowmik, Esq.
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara
La Jolla, CA 92037

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 10, 2012, at San Francisco, California.

Cynthia K. Montague

ITLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

Firmwide:111638641.1 051995.1048

PROOF OF SERVICE

1

## PROOF OF SERVICE BY MAIL

2          I am employed in San Francisco County, California.  I am over the age of eighteen

3   years and not a party to the within-entitled action.  My business address is 650 California Street,

4   20th Floor, San Francisco, California 94108.2693.  I am readily familiar with this firm's practice for

5   collection and processing of correspondence for mailing with the United States Postal Service.  On

6   August 13, 2012, I placed with this firm at the above address for deposit with the United States

7   Postal Service a true and correct copy of the within document(s):

8          **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL
           ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§**

9          **1331, 1441, AND 1446**

10         in a sealed envelope, postage fully paid, addressed as follows:

11

12     Norman Blumenthal, Esq.
       Kyle R. Nordrehaug, Esq.

13     Aparajit Bhowmik, Esq.
       Blumenthal, Nordrehaug & Bhowmik
       2255 Calle Clara

14     La Jolla, CA  92037

15         Following  ordinary  business  practices,  the  envelope  was  sealed  and  placed  for

16   collection and mailing on this date, and would, in the ordinary course of business, be deposited with

17   the United States Postal Service on this date.

18         I declare under penalty of perjury under the laws of the State of California that the

19   above is true and correct.

20         Executed on August 13, 2012, at San Francisco, California.

21

22

23                                    Cynthia K. Montague

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

Firmwide:111638641.1 051995.1048

PROOF OF SERVICE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA


### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY


This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV12- 6962 ODW (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.


All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

00/00/2012  13:17:27 FAX 2132522003          ASAP LEGAL SOLUTION ATTY                              1

## COPY

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| ISAAC CURRY | WELLS FARGO BANK, N.A. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Norman Blumenthal<br>Kyle Nordrehaug<br>Aparajit Bhowmik<br>BLUMENTHAL, NORDREHAUG & BHOWMIK<br>2255 Calle Clara, La Jolla, CA 92037 (858) 551.1223 | Lindbergh Porter<br>Mark D. Walsh<br>LITTLER MENDELSON, P.C.<br>650 California Street, 20th Floor<br>San Francisco, CA 94108<br>(415) 433.1940 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No      ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Labor Standards Act, 29 U.S.C. section 201, et. seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☒ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities – Employment | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | **FEDERAL TAX SUITS** |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

# CV12-6962

**FOR OFFICE USE ONLY:**  Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

00/00/2012   13:17:27 FAX 2132522003          ASAP LEGAL SOLUTION ATTY                                    2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☐ No ☒ Yes
If yes, list case number(s):  EDCV 10-01378 VAP (DTBx); EDCV 10-1098 DOC (RNBx); SACV10-1085 DOC (RNBx); CV 10-4761 PA (PJWx)

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☒ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | Nevada |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All counties | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  August 13, 2012
Mary D. Walsh

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                              CIVIL COVER SHEET                                    Page 2 of 2

American LegalNet, Inc.
www.FormsWorkflow.com